640 S.E.2d 91

**Sarina L. DAVIS, Administratrix of the Estate of Elizabeth K. Weston, deceased Plaintiff Below, Appellant,**

v.

**MOUND VIEW HEALTH CARE, INC., Defendant Below, Appellee.**

No. 33104.

Supreme Court of Appeals of West Virginia.

Submitted: Oct. 19, 2006.

Decided: Nov. 9, 2006.

Ronald Wm. Kasserman, Kasserman & Bowman, PLLC, Wheeling, for Appellant.

Charles R. Bailey, Robert P. Martin, Jason A. Winnell, Bailey & Wyant, PLLC, for Appellee.

Thomas J. Hurney, Jr., Gretchen M. Callas, Jackson Kelly, PLLC, Charleston, for Amicus Curiae West Virginia Mutual Insurance Company.

BENJAMIN, Justice.

In challenging the constitutionality of the pre-suit notice of claim provisions set forth in West Virginia Code § 55–7B–6 (2003),[1] Appellant, Sarina L. Davis, asks this Court to reverse the November 3, 2005, order entered by the Circuit Court of Marshall County which dismissed her medical malpractice action for failure to comply with statutory mandates. In light of this Court's longstanding policy of not addressing the constitutionality of statutes unless necessary for the determination of the case,[2] we decline to address

---

1. The West Virginia *Medical Professional Liability Act*, W. Va.Code § 55–7B–1, *et seq.*, contains certain statutory prerequisites for filing a medical professional liability action. Certain prerequisites relating to providing a pre-suit notice of claim to defendants are contained in subsections (a)—(d) of W. Va.Code § 55–7B–6 (2003), which state:

    (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

    (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial pro-

    ceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

    (c) Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

    (d) If a claimant or his or her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant shall comply with the provisions of subsection (b) of this section except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the date the health care provider receives the notice of claim.

2. "When it is not necessary in the decision of a case to determine a constitutional question, this Court will not consider or determine such question." Syl. Pt. 5, *In re Tax Assessments Against Pocahontas Land Corp.,* 158 W.Va. 229, 210 S.E.2d 641 (1974). *See also, Cogar v. Sommerville,* 180 W.Va. 714, 717, 379 S.E.2d 764, 767 (1989) (same); *State v. Griffith,* 168 W.Va. 718, 724, 285 S.E.2d 469, 473 (1981) ("It is a well settled principle that courts do not generally pass on the constitutionality of challenged statutes unless that question is necessary to the decision of the case."); *Kolvek v. Napple,* 158 W.Va. 568, 574, 212 S.E.2d 614, 618 (1975) ("Courts will not pass on the constitutionality of a statute

Appellant's constitutional challenge herein. Having reviewed the facts and law applicable to this case, we conclude that the circuit court's dismissal of this action was not improper in view of Appellant's failure to comply with clear and unambiguous statutory terms applicable to medical malpractice actions of the kind filed by Appellant. We further conclude that our savings statute, W. Va.Code § 55–2–18 (2001),[3] permits Appellant to re-file her claim in compliance with the mandates of W. Va.Code § 55–7B–6 (2003). Thus, we affirm the circuit court's November 3, 2005, dismissal order, with leave to Appellant to properly re-file her claim.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This action arises from the death of Appellant's eighty-three year old grandmother, Elizabeth K. Weston. On March 21, 2005, Appellant initiated the current medical malpractice action by filing a complaint against Mound View Health Care (hereinafter "Mound View"), a nursing home/continuous care facility, in the Circuit Court of Marshall County, West Virginia. On March 23, 2003, Ms. Weston was transferred from Mound View to Reynolds Memorial Hospital where she underwent surgery for a fractured femur. She died the same day.[4] Prior to her death, Ms. Weston had been a bed-ridden patient at Mound View where she had resided since October 12, 1999.[5]

Appellant's March 21, 2005, complaint alleges that Ms. Weston's fractured femur, surgery and resulting death were a result of Mound View's negligence. It is undisputed that Appellant did not serve a notice of claim accompanied by a screening certificate of merit upon Mound View at least thirty days prior to filing her March 21, 2005, complaint as required by W. Va.Code § 55–7B–6(b). It is also undisputed that Appellant did not serve a notice of claim together with a statement invoking the provisions of W. Va.Code § 55–7B–6 (c) indicating that a screening certificate of merit was not required to establish liability or invoking the provisions of W. Va.Code § 55–7B–6 (d) to obtain an additional sixty day time period in which to furnish a screening certificate of merit to Mound View. Likewise, it is undisputed that Appellant did not attempt to serve her complaint upon Mound View at the time it was filed.

On June 17, 2005, Appellant's original counsel transferred this matter to current counsel as original counsel was discontinuing her law practice. On July 15, 2005, current counsel filed an amended complaint adding a declaratory judgment count to the original complaint seeking a declaration that expert testimony was not necessary to establish the appropriate standard of care. Appellant thereafter immediately served a copy of the original complaint and the amended complaint on Mound View together with a letter, dated July 14, 2005, indicating that a screening certificate of merit would be provided within sixty days after receipt of the letter.[6] One week later, by letter dated July 22, 2005, Appellant first requested copies of Ms. Weston's medical records from Mound View.

On August 12, 2005, after receipt of a notice of bona fide defense from Mound View, Appellant invoked Rule 34 of the *West Virginia Rules of Civil Procedure* and served, via United States Mail, a request for

---

unless it is absolutely necessary for the determination of the case").

3. W. Va.Code § 55–2–18 (2001), provides, in pertinent part:
    (a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may re-file the action if the initial pleading was timely filed and (i) the action was involuntarily dismissed for any reason not based upon the merits of the action[.]

4. Her death certificate listed the cause of death as "acute respiratory failure with hypotension acute pulmonary aedema/fat embolism, s/p [sta-

tus post] open reduction" with a "fractured femur" as a significant contributing condition.

5. It is unclear from the limited record before this Court whether Ms. Weston was bed-ridden throughout her three and one-half year stay at Mound View.

6. There is no indication on the record before this Court that any attempt to notify Mound View of the instant claim was made prior to service of the Amended Complaint in July 2005.

production of Ms. Weston's medical records upon Mound View. Appellant's counsel received copies of Ms. Weston's medical records, totaling 4011 pages, from Mound View on September 13, 2005.[7]

On August 26, 2005, Mound View filed a Motion to Dismiss this medical malpractice action based upon Appellant's failure to serve a notice of claim[8] thirty days prior to filing her original complaint as required by W. Va.Code § 55–7B–6(b). After considering Mound View's motion and Appellant's response thereto, the circuit court entered an order granting the motion. In its November 3, 2005, order, the circuit court relied upon Appellant's failure to comply with the clear and unambiguous provisions of W. Va.Code § 55–7B–6(b) which require that a notice of claim be served at least thirty days prior to the filing of any complaint. In its dismissal order, the circuit court noted that "[e]ven though W. Va.Code § 55–7B–6 provides for alternative handling of the screening certificate, which may very well apply in this case, there are no alternatives to providing the notice specifically and unequivocally required by the statute." The circuit court declined to address Appellant's arguments regarding the constitutionality of the *Medical Professional Liability Act*, W. Va.Code § 55–7B–1, *et seq.* The circuit court's November 3, 2005, dismissal order did not specify whether the circuit court intended the dismissal to be with or without prejudice.

## II.

### STANDARD OF REVIEW

■■■ This matter is presented to this Court upon appeal of the circuit court's November 3, 2005, order granting Mound View's motion to dismiss for Appellant's failure to adhere to statutory pre-filing requisites. " 'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Collins v. Heaster,* 217 W.Va. 652, 619 S.E.2d 165 (2005). To the extent this matter may be deemed one of statutory interpretation, our review is likewise *de novo. See,* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). With these principles in mind, we now address the circuit court's November 3, 2005, dismissal order.

## III.

### DISCUSSION

■■■ In dismissing Appellant's complaint, the circuit court noted that "the statute is clear. The notice in mandatory." This Court has long held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars,* 144 W.Va. 137, 107 S.E.2d 353 (1959). *See also,* Syl. Pt. 1., *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."); *DeVane v. Kennedy,* 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not

---

7. This Court does not place credence in Appellant's argument that Mound View somehow prevented her from complying with statutory certificate of merit requirements by delaying production of the medical records. The record before this Court clearly indicates that Appellant *first* requested copies of Ms. Weston's medical records from Mound View *four months after filing her original complaint and after filing an amended complaint.* Moreover, immediately after receiving Mound View's notice of bona fide defense, Appellant invoked our *Rules of*

*Civil Procedure* to obtain copies of the medical records and she received the same within the time frame for production set forth within those *Rules.*

8. Mound View's motion acknowledges that a screening certificate of merit is not statutorily required to be filed with a notice of claim in all instances. As such, the motion focused upon the failure to serve the pre-suit notice of claim.

construed."). The provisions of W. Va.Code § 55–7B–6 (a) and (b) are clear and unambiguous, and thus should be applied as written. W. Va.Code § 55–7B–6 (a) provides that "no person may file a medical professional liability action against any health care provider without complying with the provisions [of W. Va.Code § 55–7B–6]." W. Va.Code § 55–7B–6(b) clearly provides, in pertinent part, that "[a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim[.]" Reading subsections (a) and (b) *in para materia* and acknowledging the mandatory nature of the term "shall," we find that the circuit court did not err in applying the terms of the statute as written and dismissing Appellant's suit for failure to comply with the notice of claim provision contained in W. Va.Code § 55–7B–6 (b). *See, Arneault v. Arneault,* 219 W.Va. 628, 639 S.E.2d 720 (Oct. 5, 2006) (noting mandatory connotation of statutory term "shall").

■ However, in dismissing Appellant's action, the circuit court failed to consider this Court's recent pronouncement that the pre-suit notice of claim and certificate of merit provisions of W. Va.Code § 55–7B–6 are "not intended to restrict or deny citizens' access to the courts." Syl. Pt. 2, in part, *Hinchman v. Gillette,* 217 W.Va. 378, 618 S.E.2d 387 (2005). We noted in *Hinchman* that a principal consideration for a court in determining the sufficiency of a notice "should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes" of "preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims." Syl. Pt. 6, in part, *Hinchman.* Notwithstanding, whatever error the circuit court may have committed in dismissing Appellant's action without undertaking an analysis of the considerations set forth in *Hinchman,* such possible error is harmless due to the language of the circuit court's November 3, 2005, order.

We have previously stated that "a court speaks only through its orders." *State ex rel. Kaufman v. Zakaib,* 207 W.Va. 662, 671, 535 S.E.2d 727, 736 (2000) (citations omitted). As noted above, the circuit court did not specify in its November 3, 2005, order whether it intended the dismissal to be with or without prejudice. Our *Rules of Civil Procedure* provide that where a civil action is *voluntarily* dismissed, the dismissal is without prejudice unless otherwise specified in the dismissal order. W. Va. R. Civ. P. 41(a)(2). The *Rules* do not specifically provide such a presumption where an action is *involuntarily* dismissed upon a defendant's motion for a plaintiff's failure to comply with statutory pre-filing notice requirements. The specification as to whether a dismissal is with or without prejudice is significant. Where a dismissal is *without* prejudice, our savings statute, W. Va.Code § 55–2–18, may be utilized to permit the re-filing of a medical malpractice action involuntarily dismissed for failure to comply with the mandates of W. Va.Code § 55–7B–6 because such dismissal would not be a dismissal on the merits.

■ In light of our pronouncement in *Hinchman* that W. Va.Code § 55–7B–6's pre-suit notice of claim and certificate of merit provisions are not intended to restrict or deny a citizen's access to our courts, we now hold that where a medical malpractice action is dismissed for failure to comply with the pre-suit notice of claim provision set forth in W. Va.Code § 55–7B–6(b) and the dismissal order does not specify the dismissal to be with prejudice, the dismissal is deemed to be without prejudice. In such a case, the medical malpractice action may be re-filed pursuant to W. Va.Code § 55–2–18, after compliance with the pre-suit notice of claim and screening certificate of merit provisions of W. Va.Code § 55–7B–6. In this case, Appellant may utilize the savings statute, W. Va. § 55–2–18, within the time therein prescribed of this Court's filing of our decision herein.

## IV.

## CONCLUSION

The Circuit Court of Marshall County properly dismissed Appellant's medical malpractice action for failure to comply with W. Va.Code § 55–7B–6(b)'s pre-suit notice re-

quirements. Any possible error the circuit court may have committed was harmless because the dismissal is deemed to be without prejudice and Appellant has the right to refile her claim after compliance with the notice of claim and certificate of merit requirements of W. Va.Code § 55–7B–6 (2003).

AFFIRMED

DAVIS, C.J., dissenting.

In this case, the plaintiff's complaint was dismissed solely upon the grounds that she did not serve a notice of claim on the defendant, thirty days before filing the action, as required by the Medical Professional Liability Act. On appeal to this Court, the plaintiff challenged the dismissal of her complaint on the grounds that the pre-suit requirements of the Act were unconstitutional. In resolving this case, the majority opinion decided not to address the constitutional issue raised by the plaintiff. Instead, the majority affirmed the dismissal on the basis that the plaintiff could refile her complaint after complying with the Act.

As I stated in *Hinchman*, the pre-suit requirements of the Act encroach upon this Court's constitutional authority to promulgate procedural rules for litigating in the courts of this State. Consequently, and for the reasons more fully set out in my concurring opinion in *Hinchman v. Gillette*, 217 W.Va. 378, 387, 618 S.E.2d 387, 396 (2005) (Davis, J., concurring), I respectfully dissent.