STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

December 7, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Ricky Vincent Pendleton,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0014** (Fayette County 13-C-120)

**Wexford Health Sources, Inc. and Carter Gillespie, in his**
**Official and Individual Capacity as an Employee Dentist**
**for Wexford Health Sources, Inc., contracting with**
**Mount Olive Correctional Complex,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Ricky Vincent Pendleton, *pro se*, appeals the December 9, 2014, order of the Circuit Court of Fayette County dismissing with prejudice his civil action against respondents alleging dental malpractice. The circuit court dismissed the action based on petitioner's failure to comply with the pre-suit requirements of the Medical Professional Liability Act ("MPLA"). Respondents Wexford Health Sources, Inc. and Carter Gillespie, in his official and individual capacity as an employee dentist for Wexford Health Sources, Inc. (collectively, "respondents"), by counsel Kelly C. Morgan, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Mount Olive Correctional Complex in Fayette County, West Virginia. Respondent Wexford Health Sources, Inc. provides medical and dental services at Mount Olive. On May 20, 2010, Respondent Carter Gillespie, a dentist then in Wexford's employ, filled a cavity in petitioner's tooth and placed a filling in the tooth. On January 11, 2011, petitioner reported to Dr. Gillespie that his tooth was overly sensitive. Dr. Gillespie informed petitioner that the oversensitivity was likely due to contact with cold liquids. On October 13, 2011, petitioner reported that he developed a "bump on [the] gum" above his tooth. Dentist Jean Kennedy diagnosed petitioner with a bu fistula, which is a draining abscess, and informed petitioner that he

1

could either have his tooth extracted free of charge or pay for a root canal.[1] Petitioner had the tooth extracted on February 10, 2012.

Petitioner filed an inmate grievance alleging that Dr. Gillespie committed malpractice in filling petitioner's cavity on May 20, 2010. The manager of petitioner's unit denied the grievance, stating that "[d]ental has informed that your tooth went too long without [a] filling, [and] once filled, the filling was real deep and close to a nerve[.]" Both the Warden of Mount Olive and the Commissioner of Corrections affirmed the denial of petitioner's grievance.

Subsequently, on May 13, 2013, petitioner filed an action in the Circuit Court of Fayette County against respondents alleging dental malpractice. In an effort to comply with the pre-suit requirements of the MPLA, petitioner submitted a statement in lieu of a screening certificate of merit. *See* W.Va. Code § 55-7B-6(c). In his statement, petitioner asserted that expert testimony would not be needed to establish respondents' liability for the eventual extraction of his tooth because the unit manager's response to his January 3, 2012, grievance constituted an admission that Dr. Gillespie placed the filling "too deep" into tooth four. On October 22, 2014,[2] respondents filed a motion to dismiss petitioner's action for a failure to comply with the MPLA's pre-suit requirements and various other grounds.[3]

On December 9, 2014, the circuit court dismissed petitioner's action with prejudice, rejecting petitioner's contention that expert testimony would not be necessary to establish respondents' liability. The circuit court found, as follows:

Only another dentist can establish whether Dr. Gillespie drilled deeper than necessary to fill the cavity in [petitioner's] tooth. Only another dentist can link the eventual need for a root canal to the filling of the tooth rather the deepness of the original cavity. Root canals on previously filled teeth are a regular occurrence in dentistry. Further, [petitioner's] allegations that the permanent filling was placed "too deep to the nerve" does not indicate that the filing was the proximate cause of

[1]*See United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) ("[T]hough it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (emphasis in original).

[2]There was a delay in serving respondents with petitioner's compliant.

[3]The other grounds asserted in respondents' motion to dismiss were the following: (1) failure to serve respondents within 120 days as required by Rule 4(k) of the West Virginia Rules of Civil Procedure; (2) filing the action outside of the statute of limitations; and (3) failure to prosecute the action pursuant to Rule 41(b) of the Rules of Civil Procedure. The circuit court granted respondents' motion on all grounds. However, having found that petitioner's failure to comply with the pre-suit requirements of the MPLA sufficient to sustain a dismissal with prejudice under the specific facts and circumstances of this case, we do not address the other grounds addressed by the circuit court.

the eventual choice between a root canal and an extraction. [Petitioner's] cavity in tooth #4 was obviously quite deep. Based on [petitioner's] Complaint, it appears that Dr. Gillespie may have attempted to save the tooth rather than force [petitioner] to choose between a root canal and extraction in May, 2010. To make the leap to dental malpractice, [petitioner] would need an expert to establish that his original cavity was not too deep, that Dr. Gillespie drilled too deep, that the deepness of the filling was the proximate cause of the fistula on his gum, and that with proper treatment of tooth #4, [petitioner] would not have been faced with the choice of a root canal or extraction. Simply alleging causation is nothing more than an attempt to bypass the pre-suit screening requirements of the [MPLA].

Petitioner now appeals the December 9, 2014, dismissal with prejudice of his action under the MPLA. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2*, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). Dismissal of an action filed pursuant to the MPLA is proper when the plaintiff fails to comply with the MPLA's pre-suit screening requirements. *Davis v. Mound View Health Care, Inc.*, 220 W.Va. 28, 32, 640 S.E.2d 91, 95 (2006) (noting that the mandatory term "shall" is used in West Virginia Code § 55-7B-6). A circuit court has the discretion to designate a dismissal for a failure to comply with the MPLA's pre-suit screening requirements as being with prejudice. *See* Syl. Pt. 3, *Davis*, 220 W.Va. at 29, 640 S.E.2d at 92 (holding that when dismissal order does not specify that dismissal is with prejudice, dismissal will be deemed as being without prejudice).

One of the MPLA's pre-suit screening requirements is the obligation of the plaintiff to obtain a screening certificate of merit by an expert witness setting forth the theory of malpractice to be asserted. *See* W.Va. Code § 55-7B-6(b). The plaintiff can submit statement in lieu of a screening certificate of merit if "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." *Id.* § 55-7B-6(c).

On appeal, petitioner asserts that no screening certificate of merit was required pursuant to the MPLA because "Dr. Gillespie admitted that . . . [he] drill[ed] too deep." For this assertion, petitioner relies on the unit manager's response to his January 3, 2012, inmate grievance, in which the unit manager stated that "Dental has informed that your tooth went too long without [a] filling, [and] once filled, the filling was real deep and close to a nerve[.]" We determine that petitioner misrepresents what the unit manager stated. While petitioner repeatedly refers to his filling being drilled "too deep," the actual phrase the unit manager used was "real deep," which appears to be nothing more than a factual statement. Furthermore, the unit manager's response suggests that the probable cause for the eventual extraction of petitioner's tooth was that it "went too long without [a] filling." Therefore, we agree with the circuit court that expert testimony would be required to prove petitioner's theory of malpractice.

Respondents argue that the circuit court's finding that petitioner's failure to comply with the MPLA's pre-suit screening requirements is sufficient to sustain a dismissal with prejudice. Under the specific facts and circumstances of this case, we agree. A principal consideration for a

court in determining the sufficiency of a pre-suit notice under the MPLA is whether "a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort" to further the MPLA's purposes of "preventing the making and filing of frivolous medical malpractice claims and lawsuits; and promoting the pre-suit resolution of non-frivolous medical malpractice claims." *Davis*, 220 W.Va. at 32, 640 S.E.2d at 95 (quoting Syl. Pt. 6, *Hinchman v. Gillette*, 217 W.Va. 378, 380, 618 S.E.2d 387, 389 (2005)). We determine that by falsely stating that Dr. Gillespie admitted that he drilled the filling in petitioner's tooth "too deep," petitioner's statement in lieu of a screening certificate of merit did not represent a good faith and reasonable effort to further the purposes of the MPLA. Accordingly, we conclude that the circuit court did not err in dismissing petitioner's action under the MPLA with prejudice.

For the foregoing reasons, we affirm the circuit court's December 9, 2014, order dismissing petitioner's action.

Affirmed.

**ISSUED:** December 7, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4