# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Janet Patterson,**
**Plaintiff Below, Petitioner**

**vs)  No. 18-1002** (Marshall County 18-C-151)

**Charles L. Wylie, DDS,**
**Defendant Below, Respondent**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Janet Patterson, by counsel David L. Delk, appeals the October 10, 2018, order of the Circuit Court of Marshall County granting Respondent Charles L. Wylie, DDS's motion to dismiss. Respondent, by counsel John R. Merinar Jr., filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a dental patient of respondent on July 12, 2016, when respondent performed a bite adjustment on petitioner. Petitioner served a notice of claim on respondent on June 25, 2018, stating that her claim

> is for failure to obtain informed consent from [petitioner] prior to performing a bite adjustment on her, thereby leading to a multitude of healthcare issues as a result of this breach of the standard of care. No screening certificate of merit is required for this claim because the cause of action is based upon a well-established theory of liability which does not require expert testimony supporting a breach of the applicable standard of care.

Petitioner filed her complaint against respondent on July 25, 2018, alleging that respondent performed a bite adjustment on petitioner without petitioner's knowledge or consent. She further alleged that following that adjustment she "experienced complications, pain, and discomfort which resulted in emotional distress, loss of enjoyment and unnecessary and unwarranted future dental/medical expenses." Petitioner went on to assert that in providing dental health care to petitioner, respondent failed to exercise that degree of care, skill, and learning required or expected of reasonable, prudent health care providers, including that he deviated from "applicable standards of care . . . ." She alleged that respondent's fault included

1

the failure to obtain petitioner's informed consent "and by other acts which may be determinable as more information is obtained."

Respondent filed a motion to dismiss petitioner's complaint on August 10, 2018, to which petitioner submitted a response. The circuit court entered its order granting respondent's motion to dismiss on October 10, 2018. In that order, the circuit court determined that the causes of action in petitioner's complaint extend beyond the failure of respondent to obtain informed consent so a screening certificate of merit was required pursuant to West Virginia Code § 55-7B-6(b). It also found that an expert is needed to describe what breach of the standard of care resulted in petitioner's "complications, pain and discomfort." The circuit court held that it lacked subject matter jurisdiction over petitioner's claims so dismissal of the complaint was warranted. Petitioner appeals from that order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W. Va. 770, 461 S.E.2d 516 (1995). Dismissal of an action filed pursuant to the Medical Professional Liability Act ("MPLA") is proper when the plaintiff fails to comply with the MPLA's pre-suit screening requirements. *See Davis v. Mound View Health Care, Inc.,* 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006) (noting that the mandatory term "shall" is used in West Virginia Code § 55–7B–6).

The circuit court's dismissal of petitioner's complaint is due to her failure to file a screening certificate of merit as required by West Virginia Code § 55-7B-6(b) (2017). In 2018, the statute provided as follows:

> At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the Rules of Civil Procedure.

Petitioner argues that she was not required to file a screening certificate of merit because the claim she pled falls under the exception set forth in West Virginia Code § 55-7B-6(c):

2

Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.

\*\*\*

As we have previously recognized,

[u]nder *W.Va. Code,* 55–7B–6 [2003] the purposes of requiring a pre-suit notice of claim and screening certificate of merit are (1) to prevent the making and filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims. The requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts.

Syl. Pt. 2, *Hinchman v. Gillette*, 217 W. Va. 378, 618 S.E.2d 387 (2005).

Petitioner argues that under this Court's holding in *Cline v. Kresa-Reahl*, 229 W. Va. 203, 728 S.E.2d 87 (2012), she was not required to provide a screening certificate of merit because her claim is based upon respondent's alleged failure to obtain consent from petitioner for a bite adjustment. As we set forth in *Cline*,

Significantly, this Court went on to hold [in *Cross v. Trapp*] that since it was adopting the patient need standard, expert testimony was not required "to establish the scope of a physician's duty to disclose medical information to his or her patient[.]" Syl. Pt. 5, in part, [*Cross v. Trapp*, 170 W. Va. 459, 294 S.E.2d 446 (1982)]. However, the Court was very clear that irrespective of the foregoing,

expert medical testimony *would ordinarily be required to establish certain matters including:* (1) the risks involved concerning a particular method of treatment, (2) *alternative methods of treatment,* (3) the risks relating to such alternative methods of treatment and (4) the results likely to occur if the patient remains untreated.

Syl. Pt. 5, in part, *id.*(emphasis added).

*Cline* at 208, 728 S.E.2d at 92.

While petitioner identified her claim in the notice of claim as a failure to obtain consent, as the circuit court found in its dismissal order, petitioner's complaint addresses not only a claim of failure to obtain consent but also claims of medical negligence. Petitioner does not contend

3

that the failure to obtain consent resulted in injury or the breach of multiple standards of care. Instead, she alleges that she sustained physical injury as a result of respondent's alleged negligence following his failure to obtain consent for the bite adjustment. Therefore, we find no error in the circuit court's grant of respondent's motion to dismiss petitioner's complaint based upon her failure to include a screening certificate of merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman