# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**INCA MILLER,**
**Plaintiff Below, Petitioner**

**vs.) No. 23-ICA-105**          (Cir. Ct. Putnam Cnty. No. CC-40-2022-C-131)

**SHRIKANT VAIDYA, MD,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Inca Miller appeals the January 23, 2023, order of the Circuit Court of Putnam County. Respondent Shrikant Vaidya, M.D., timely filed a response.[1] Ms. Miller did not file a reply. The issue on appeal is whether the circuit court erred in granting Dr. Vaidya's motion to dismiss Ms. Miller's medical malpractice claim against him as Ms. Miller did not comply with the pre-suit notice requirements of the Medical Professional Liability Act ("MPLA"), West Virginia Code §§ 55-7B-1 to -12 (2022).

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Dr. Vaidya is a urologist licensed to practice in West Virginia. On December 30, 2020, Dr. Vaidya performed surgery on Ms. Miller related to an infection in her kidneys and bladder. On October 5, 2022, Ms. Miller, pro se, filed a complaint against Dr. Vaidya in the Circuit Court of Putnam County. In her complaint, Ms. Miller was critical of the medical treatment rendered to her by Dr. Vaidya. She claimed that the procedures performed by Dr. Vaidya were contrary to her Christian faith, and that as a result of these procedures she was experiencing chronic pain and deformity. She sought $75,000 in damages, the cost of reconstructive surgery, and the cost of continued medical care as relief.

---

[1] Ms. Miller is self-represented. Dr. Vaidya is represented by Salem C. Smith, Esq., and Kiersan S. Lockard, Esq.

On October 20, 2022, Dr. Vaidya filed his "Motion to Dismiss Plaintiff's Complaint for Failure to Comply with the MPLA" in accordance with Rules 12(b)(1) and 12(b)(6) of the West Virginia Rules of Civil Procedure. In support of his motion, he alleged that Ms. Miller did not meet the notice of claim requirement for medical malpractice claims contained in the Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-6 (2022), as she did not provide a notice of claim and screening certificate of merit thirty days prior to the filing of the underlying case. Dr. Vaidya averred that Ms. Miller's complaint failed to state a claim upon which relief could be granted. Further, he asserted that Ms. Miller's failure to comply with the MPLA deprived the circuit court of jurisdiction over the matter.

On December 8, 2022, the circuit court held a hearing on Dr. Vaidya's motion to dismiss and held the motion in abeyance until forty-five days from the date of the hearing. On January 23, 2023, the circuit court entered an order granting the motion to dismiss. In its order, the circuit court found that Ms. Miller did not comply with the MPLA's pre-suit notice requirements and dismissed her case without prejudice. It is from this order that Ms. Miller now appeals.[2]

Our standard of review is as follows, "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, Ms. Miller argues that she had difficulty finding a lawyer due to the recovery time from her procedures, that her husband and parents were not properly contacted regarding the procedures, that her condition was improperly diagnosed by Dr. Vaidya, and that Dr. Vaidya did not provide enough evidence supporting his motion to dismiss. Upon review, we conclude that Ms. Miller's arguments are without merit, as the controlling issue in this case is whether she complied with the MPLA's pre-suit notice requirements.

West Virginia Code § 55-7B-6(b) provides, in part, that no person may file a medical professional liability action unless:

> At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail . . . a notice of claim on each health care provider the claimant will join in litigation . . . . The notice of claim shall include a statement of the theory or

---

[2] We note here that Ms. Miller filed a "Motion for Expedited Oral Argument" in this case on December 11, 2023. Dr. Vaidya filed a response to the motion on December 14, 2023. Because we have rendered a decision in this case, we find that Ms. Miller's motion is now moot.

theories of liability upon which a cause of action may be based, and. . . a screening certificate of merit.

The MPLA defines "medical professional liability" as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i) (2017).

It is well established in West Virginia that "[t]he pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, *State ex rel. Primecare Med. of W. Va., Inc., v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019); *see also* Syl. Pt. 2, *State ex. rel Charleston Area Med. Ctr., Inc. v. Thompson*, 248 W. Va. 352, 888 S.E.2d 852 (2023). The Supreme Court of Appeals of West Virginia has stated that "the Legislature has made its intent clear that certain prerequisites occur before a complainant may initiate a medical malpractice action in the courts.*" Elmore v. Triad Hosp., Inc*., 220 W. Va. 154, 160, 640 S.E.2d 217, 223 (2006).

Here, we find that the circuit court did not err in granting Dr. Vaidya's motion to dismiss. Because Ms. Miller's claims against Dr. Vaidya are directly related to the medical treatment Dr. Vaidya provided to her on December 30, 2020, this matter falls directly within the scope of the MPLA. *See* W. Va. Code § 55-7B-2(e)(1).[3] It is without dispute that Ms. Miller did not comply with the pre-suit notice requirements of the MPLA. Thus, we conclude that the circuit court did not err in granting Dr. Vaidya's motion to dismiss.[4]

---

[3] West Virginia Code § 55-7B-2(e)(1) provides that "health care" means "[a]ny act, service, or treatment provided under, pursuant to, or in furtherance of a physician's plan of care, a health care facility's plan of care, medical diagnosis, or treatment."

[4] Our Supreme Court of Appeals has noted that when such a dismissal occurs:

"[T]he medical malpractice action may be re-filed pursuant to W. Va. Code § 55-2-18 (2001) after compliance with the pre-suit notice of claim and screening certificate of merit provisions of W. Va. Code § 55-7B-6 (2003)." Syl. Pt. 3, in part, *Davis v.* [*Mound View Health Care, Inc*.], 220 W. Va. 28, 640 S.E.2d 91 (2006). We note, however, that our savings statute only authorizes "a party [to] refile the action if the initial pleading was timely filed[.]" W. Va. Code § 55-2-18(a) [2001]. This ability to re-file, when such re-filing is otherwise timely, is consistent with this Court's finding that "[t]he requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts." Syl. Pt. 2, in

Accordingly, we affirm the circuit court's January 23, 2023, order granting Dr. Vaidya's motion to dismiss.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

part, *Hinchman*, 217 W. Va. 378, 618 S.E.2d 387. *State ex. rel. Primecare Medical of W. Va., Inc.*, 242 W. Va. at 345 n.24, 835 S.E.2d at 589 n.24.