# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NANCY THOMPSON, ADMINISTRATRIX OF THE ESTATE OF LATISHA THOMPSON,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-475    (Cir. Ct. of Wetzel Cnty. Case No. CC-52-2022-C-40)**

**WETZEL COUNTY HOSPITAL ASSOCIATION,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nancy Thompson, Administratrix of the Estate of Latisha Thompson, appeals the September 29, 2023, order of the Circuit Court of Wetzel County dismissing her complaint with prejudice. Respondent Wetzel County Hospital Association ("WCHA") filed a response.[1] No reply was filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision affirming, in part, and vacating and remanding for further proceedings, in part, is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises from the dismissal of a medical malpractice claim made by Nancy Thompson after her daughter, Latisha Thompson, died on April 3, 2018. Latisha Thompson was transported to WCHA's hospital emergency department by ambulance on March 2, 2018, at approximately 9:43 p.m., strapped and handcuffed to a backboard, and was seen by the physician on duty. She allegedly had a history of drug abuse and was combative when she presented at the hospital's emergency department. According to the complaint, within minutes of her arrival, hospital staff administered a combination of 50 mg of Benadryl, 2 mg of Haldol, and 2 mg of Versed to Latisha Thompson to calm her. After another minute, a second dose of 5 mg of Haldol was administered. Within five more minutes, another 2 mg of Versed was administered. Finally, within twenty minutes of her arrival, a 575 mg dose of ketamine was administered. According to the complaint, Latisha Thompson allegedly suffered brain damage due to a lack of oxygen after the ketamine was

---

[1] Petitioner is represented by David A. Sims, Esq. Respondent is represented by Patrick S. Casey, Esq., Sandra M. Chapman, Esq., and Ryan P. Orth, Esq.

administered and she entered a vegetative state while still in the emergency department on March 2, 2018. She was transferred to Ruby Memorial Hospital in Morgantown, West Virginia on March 3, 2018, at approximately 12:20 a.m., where she remained in a persistent vegetative state. She was later transferred to Sistersville Hospital in Sistersville, West Virginia on March 29, 2018, where she passed away on April 3, 2018, after her family decided to remove her from life support.

On May 18, 2020, Nancy Thompson, Administratrix of her daughter's Estate, served WCHA with a Notice of Claim and Screening Certificate of Merit pursuant to the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6(b) (2022).[2] On July 14, 2020, she filed a complaint against WCHA in Case No. 20-C-31. WCHA filed a motion for partial dismissal and an answer to the complaint. Later, on July 12, 2021, WCHA filed a motion seeking dismissal for Ms. Thompson's failure to comply with statutory pre-suit requirements and the statute of limitations. The circuit court dismissed the complaint without prejudice on December 9, 2021, for failure to comply with the MPLA's requirement to provide a signed, notarized screening certificate of merit. The circuit court found that the screening certificate of merit she served on WCHA on May 18, 2020, was not executed under oath by the medical expert attesting that the applicable standard of care was breached.

On December 8, 2022, petitioner served another Notice of Claim and a signed and notarized Screening Certificate of Merit on WCHA[3] and filed another complaint on the same day, this time being assigned Case No. 22-C-40. This complaint included allegations of breach of the standard of care, wrongful conduct, and negligent operation of the emergency department. On December 19, 2022, WCHA declined pre-suit mediation per West Virginia Code § 55-7B-6.[4] However, in its later-filed motion to dismiss, WCHA

---

[2] West Virginia Code § 55-7B-6(b) provides, in pertinent part:

At least 30 days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. . . . The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider . . .

[3] The Notice of Claim and Screening Certificate of Merit were also served on Jo Estep, RN, who was not named in the second complaint.

[4] West Virginia Code § 55-7B-6(g) provides:

2

claimed that the opportunity to elect pre-suit mediation was rendered moot by petitioner's premature filing of the second complaint, which was not filed thirty days after service of the second Notice of Claim and Screening Certificate of Merit as required by West Virginia Code § 55-7B-6(b).

In its September 29, 2023, order, the circuit court dismissed the second complaint in 22-C-40 for failure to comply with the statutory mandates of the MPLA including concurrently serving the Notice of Claim and Screening Certificate of Merit and filing the complaint. The circuit court further found that the original notice of claim and deficient screening certificate of merit in Case No. 20-C-31, served May 18, 2020, were outside the statute of limitations and were time-barred because the discovery rule and savings statute did not apply. Accordingly, the circuit court found that the jurisdictional deficiency created by the petitioner in the first civil action was not cured, and having no jurisdiction, dismissed the case with prejudice. It is from this order that petitioner now appeals.

Our standard of review of a circuit court's order granting a motion to dismiss a complaint is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner alleges that the circuit court erred in determining that the service of the second Notice of Claim and Screening Certificate of Merit prevented the early filing of the complaint. Petitioner asserts that she complied with the MPLA's pre-suit requirements and filed her complaint in accordance with the MPLA's purpose. Our Supreme Court has stated that the rationale for these pre-suit requirements is:

> (1) to prevent the making and filing of frivolous medical malpractice claims and lawsuits; and (2) to promote the pre-suit resolution of non-frivolous medical malpractice claims. The requirement of a pre-suit notice of claim and screening certificate of merit is not intended to restrict or deny citizens' access to the courts.

Syl. Pt. 2, *Hinchman v. Gillette*, 217 W. Va. 378, 618 S.E.2d 387 (2005). Petitioner alleges that she satisfied the first element by obtaining an appropriate screening certificate of merit, thus ensuring her claim is not frivolous. Furthermore, she argues she has satisfied the second element because WCHA had the opportunity to elect pre-suit mediation in the first case but chose not to do so, and then declined the opportunity again after the second Notice of Claim was served. She argues that her knowledge that WCHA was not interested in pre-

---

> Upon receipt of the notice of claim or of the screening certificate of merit, if the claimant is proceeding pursuant to the provisions of subsection (d) or (e) of this section, the health care provider is entitled to prelitigation mediation before a qualified mediator upon written demand to the claimant.

suit mediation obviates the need to wait thirty days to file the second complaint, and throwing out the case on that basis is too harsh a penalty when she engaged in good faith conduct. *See* Syl. Pt. 3*, Elmore v. Triad Hosps., Inc*., 220 W. Va. 154, 640 S.E.2d 217 (2006) (per curiam) (stating that a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate should be whether a party has demonstrated a good faith and reasonable effort to further the statutory purposes).

However, even if we were persuaded that petitioner demonstrated a good faith effort to further the purposes of the MPLA's pre-suit notice requirements, we are mindful that the requirements are not optional. As our Supreme Court found in *Elmore*,

> Under these circumstances[,] we have no choice but to apply the statute as written. In the provisions of the MPLA, the Legislature has made its intent clear that certain prerequisites occur before a complainant may initiate a medical malpractice action in the courts. W. Va. Code § 55-7B-6(a). Among the prerequisites the Legislature set forth is the requirement that "[a]t least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation." W. Va. Code § 55-7B-6(b).

*Id*. at 160, 640 S.E.2d at 223. It is undisputed that petitioner filed her second complaint concurrently with serving the notice of claim in this matter, violating this statutory requirement. The pre-suit notice requirements of the MPLA "are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, in part, *State ex rel. PrimeCare Med. of W. Va. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). Moreover, a court "has no authority to suspend the West Virginia Medical Professional Liability Act's pre-suit notice requirements . . . To do so would amount to a judicial repeal of" the MPLA. Syl. Pt. 5, *PrimeCare*, 242 W. Va. at 337, 835 S.E.2d at 581. Accordingly, we find no error in the circuit court's conclusion that dismissal of the second complaint was appropriate.

However, after determining that it lacked subject matter jurisdiction, the circuit court should have taken "no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, in part, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc*., 158 W. Va. 492, 211 S.E.2d 705 (1975). Instead, the circuit court undertook an analysis of the application of the savings statute, West Virginia Code § 55-2-18 (2001); the wrongful death statute, West Virginia Code § 55-7-6(d) (1992); the applicable statutes of limitation; and WCHA's 12(b)(6) motion to dismiss on grounds other than the failure to comply with the pre-suit requirements. In addition to failing to satisfy the pre-suit requirements of the MPLA, the court granted the motion to dismiss based on the inapplicability of the savings statute. However, because the circuit court did not have jurisdiction over the matter, it should not have addressed these additional issues.

4

Furthermore, although we find that dismissal for lack of subject matter jurisdiction was appropriate, we must also examine whether a dismissal with prejudice was warranted in these circumstances. Rule 41 of our Rules of Civil Procedure governs involuntary dismissals:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction* or for improper venue, operates as an adjudication upon the merits.

W. Va. R. Civ. P. 41(b) (emphasis added). As such, a dismissal for lack of jurisdiction is not an "adjudication on the merits" and is ordinarily a dismissal *without* prejudice. *See Tanner v. Raybuck,* 246 W. Va. 361, 368, 873 S.E.2d 892, 899 (2022). Although our Supreme Court has declined to hold that dismissal with prejudice is never proper when a plaintiff fails to comply with the MPLA's pre-suit notice requirements, our jurisprudence favors dismissal without prejudice in such cases. *Id.* at 369, 873 S.E.2d at 900 (citing *Pendleton v. Wexford Health Sources, Inc.,* No. 15-0014, 2015 WL 8232155 (W. Va. Dec. 7, 2015) (memorandum decision); *Davis v. Mound View Health Care, Inc.*, 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006).

Moreover, it is evident in the order on appeal that the circuit court's decision to dismiss with prejudice was influenced by its improper consideration of these additional grounds. In light of these circumstances, we find that the court's dismissal should have been without prejudice.[5]

Accordingly, we affirm the circuit court's decision to the extent that it dismisses petitioner's civil action, but we vacate the decision to the extent that the dismissal was with prejudice, and remand with instructions that the case be dismissed without prejudice.

Affirmed, in part, Vacated, in part, and Remanded.

---

[5] We decline to address petitioner's assignment of error regarding the application of the discovery rule to the statute of limitations as this assignment was rendered moot by our holding regarding lack of subject matter jurisdiction. Moreover, our holding is not intended to imply that this Court has made a determination as to whether petitioner's claims, if refiled, are time-barred.

**ISSUED:**  December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear