This is an action of trespass instituted in the circuit court of Mineral county, and is certified to this Court upon the ruling of the lower court, overruling the demurrer to the declaration, and upon the ruling of said court in rejecting the special plea of the defendant set forth in the record, and permitting the defendant to file a special plea of the statute of limitations, and in rejecting the reply to said plea by the plaintiff.
The declaration contains three counts. The first and third counts allege that the plaintiff, Elk Garden Big Vein Coal Company, a corporation, on the 14th day of December, 1892, and ever since, was lawfully in possession of, and the fee simple owner of, all the coal contained in the Big or Fourteen Foot vein of coal underlying all that piece or parcel of land situated in the Allegheny mountains in Mineral county, West Virginia, near the town of Elk Garden, containing __________ acres; that on the _________ day of July, 1917, the defendant with force and arms entered upon the same and removed the coal *Page 473 
therefrom, whereby the plaintiff sustained damages to the amount of $20,000.00.
The second count makes practically the same allegations, and charges that the defendant associated with him in the mining and removal of the coal (as alleged in the first count), George R. Davis and Granville Barrick, and that the said coal was removed by them under the name of the Locust Grove Coal Company, to the damage of the plaintiff $20,000.00.
There was a general demurrer to the declaration on the grounds that the first and third counts in the declaration are in trespass while the second is in case. There seems to be no material difference in these counts. True, the first and third counts charge that the injury complained of was done with force and arms, but each of said counts charges a direct injury to the plaintiff's property by the defendant, and under Section 10 of Chapter 125, Code (Barnes' 1923), we are of the opinion that all of said counts are in trespass. This being the only ground of demurrer insisted upon by the defendant, the court did not err in overruling the demurrer.
The most difficult question which arises in this case is the question raised on the objection to the filing of the special plea by the defendant, which plea sets up, as a defense, the facts that, at the time the alleged trespass complained of in the declaration was committed, as therein alleged, the plaintiff was neither the owner of the said vein of coal, nor was it in possession of the same; that at that time the title to the said vein of coal was in the State of West Virginia, having been forfeited for non-entry on the land books of Mineral county; that the plaintiff failed to have the said vein of coal charged on the land books of said county from the year 1898 to the year 1922, and that by reason of said non-entry the title to said Big Vein of coal was forfeited to, and became vested in, the State in 1903. We fail to find any decisions, either by this Court or the courts of other States, having similar statutes and holdings, which bear directly upon this question.
As a general rule, the plaintiff, to maintain an action of trespass to real property, must be either in actual or constructive possession of the property trespassed upon at the *Page 474 
time the trespass is committed. Gillison, Trustee, v. City ofCharleston, 16 W. Va. 282. The common law rule is that the plaintiff must be in actual possession of the property at the time of trespass, but the modern authorities hold the rule as above stated.
"The plaintiff must possess the real estate at the time when the alleged injury occurred, as a rule, in order that he may maintain an action of trespass therefor. However, if he acquired the title after the injury and the title is retrospective in character, dating back prior to the time of the injury, he may maintain his action." 26 R. C. L., page 958, sec. 35.
The title to this vein of coal forfeited to the State in the year 1903, under Section 39, Chapter 31, of the Code, and the title to the same, from that time until it was redeemed by the former owner, was vested in the State. The State held the title for what purpose? It could not use it for its own purposes. It could not dispose of it except for the taxes unpaid thereon, and when sold by it for that purpose, the former owner, his personal representatives or assigns, and any person having a lien on the land at the time of the forfeiture and still existing, is entitled to the excess for which the land sells after the taxes, interest and costs have been paid. The law further gives the former owner the right to redeem the land by the payment of the taxes, interest and costs, and when this amount has been paid, the title reinvests in the former owner. The whole policy of the law, including its many changes, seems to be that the State holds the title to the land forfeited to it for any cause, solely for the payment of the taxes charged and chargeable thereon, and we may well say, as is held by a long line of cases decided by this Court, that the former owner has no title to land forfeited to the State while the forfeiture exists, and before its redemption under the law, but that the title is held by it for the sole purpose of the payment of the taxes thereon; and when the title of the State is reinvested in the former owner by the redemption thereof, we are of the opinion, and so hold, that the effect of said redemption and reinvestment is to transfer and assign to the former owner the right to institute any action for trespass on the land, the cause of which arose at any time during the *Page 475 
forfeiture. That statute which grants to the former owner the title vested in him before the forfeiture makes his title retrospective in its nature and entitles him to bring an action of trespass for acts committed while his title was vested in the State.
Our statutes creating forfeiture of land to the State for any cause, and prescribing the proceedings by which it could or may collect the taxes thereon, have at all times recognized and granted to the former owner the privilege to redeem his land by filing a petition setting up his title and showing his right to redeem it. Acts 1872-3, Chapter 134; Acts 1882, Chapter 95, Section 14; Acts 1885, Chapter 46; Acts 1887, Chapter 17; Acts 1891, Chapter 94; Acts 1893, Chapter 24.
There has been no change in the statute by which the title passed to the State. The changes that have been made refer to the manner of procedure by which the State may collect the taxes against the property by sale thereof or by redemption by the former owner, and vesting the title in the purchaser at such sale and reinvesting the same in the former owner upon its redemption.
That the title to this coal was forfeited to the State for non-entry on the land books of Mineral county, and that the former owner during the time the title was so vested in the State could not maintain an action of trespass for the taking and removal of the same, seems to be unquestioned.State v. Coal Company, 83 W. Va. 230. This Court in passing upon the effect of this statute in many cases so holds. In the case of McClure v. Maitland, 24 W. Va. 561, the Court holds that: "The former owner having no interest in the land or proceedings for its sale is not entitled to be a party to the proceedings". The Court in that case was passing upon the statutes in force at that time. The legislature in 1882 materially changed the statute in reference to the sale and redemption of forfeited lands, and required the former owner to be made a party to the suit. Before 1882 and at the timeMcClure v. Maitland, supra, was decided the proceeding was purely ministerial and ex parte. Since that time the legislature has recognized that the former owner, at least, had an inchoate interest in the land from which he could not be divested *Page 476 
until the land was sold as required by law. Neal v. Wilson etal, 79 W. Va. 482. Since 1893 the statute requires a chancery suit to be brought in the name of the State, and in this suit it requires the former owner to be made a party. The State, under the constitution and forfeiture laws, charges the former owner with the taxes and twelve per cent interest, and the costs of the proceedings whether the land is sold or redeemed. If sold, the former owner receives the excess of that amount, and while the constitution did not give the former owner the express right to redeem except under certain cases, the effect was the same as a redemption. If the former owner so desired, he is not prohibited from bidding at the sale contemplated in the constitution and could, if he so desired, make the land bring more than any one else could afford to offer for it. Constitution, Section 4 and Section 5 of Article XIII. It seems to have been the purpose and intent of the legislature, viewed through all its acts and amendments, that when the former owner redeems his land he is entitled to receive not only his former title, but the land itself as it was immediately before the title became vested in the State and that he is reinvested, not only with the same title he had before the forfeiture, but the right to institute an action of trespass the cause of which arose while the title to the land was vested in the State; and the benefit of the constructive possession of the State at the time the trespass was committed is transferred to the former owner upon the redemption of his land and the reinvestment of his title.
We therefore hold that the lower court did not err in refusing to allow defendant's special plea, setting up the forfeiture of this coal, to be filed.
The objection to the plea of the statute of limitations is not supported by any authorities and the only reason given in support of it is that the act of trespass, as alleged in the declaration, was a continuing act. We do not think this is a sufficient reason for rejecting the plea of the statute of limitations. The court in passing upon a plea can not assume that the allegations of the declaration will be proved as alleged, and in a trespass case the plea of the statute of limitations is always allowed to be filed. Whether or not it constitutes *Page 477 
a defense depends on the facts proved to support the plea upon the trial, and any trespass committed more than five years before the institution of the suit is barred by the statute, although the declaration alleges the trespass with a continuando. The statute of limitations having begun to run against the State when the first entry was made and the first trespass committed, the fact that the plaintiff did not know, as alleged in its replication, that the trespass had been committed until after the statutory period had expired, did not stop the running of the statute: "For it is settled law that when the statute has begun to run no subsequent event will interrupt it." Jones v. Lemon, 26 W. Va. 629.
The court did not err in sustaining the objection to the replication to the special plea of the statute of limitations and, for the reasons stated, we affirm the rulings of the lower court in overruling the demurrer to the declaration, in sustaining the objection to defendant's special plea, in permitting the special plea of the statute of limitations to be filed, and in sustaining the objection to the filing of the replication thereto; and it will be so certified to the lower court.
Affirmed.