# CHARLESTON.

ROBERT HANER *v.* W. G. MacCORKLE *et als.*

(No. 6781)

Submitted October 8, 1930. Decided December 9, 1930.

(Rehearing Denied January 19, 1931)

C. S. *Minter* and *Poffenbarger & Poffenbarger*, for appellant.

*Mark T. Valentine, Frederick L. Thomas, Price, Smith & Spilman* and *C. C. Chambers*, for appellees.

LITZ, JUDGE:

The object of this suit is to enjoin the extraction of gas by the defendants from a parcel of land in Logan County, containing 4.6 acres, claimed by the plaintiff; and to compel them to account to him for gas already taken. The plaintiff has appealed from a decree, dissolving an interlocutory injunction and dismissing his bill.

The controversy involves the location of the division line between two tracts of land claimed respectively by the plaintiff and defendants (Edward and Nora Garrett) through William Barker as a common source of title. Four defenses are relied on, as follows: (1) the dispute is not cognizable in a court of equity; (2) plaintiff does not own title to the land; (3) the title asserted by him, if actual, is vested in the state by forfeiture, under section 6, Article XIII of the constitution, and section 39, chapter 31, Code 1923, for non-assessment for taxation; and (4) he is estopped to assert title.

September 29, 1858, in consideration of $60.00 paid, William Barker executed a title bond to James Harless for fifty acres, more or less, of land, situate in Logan County "on Big Creek near the mouth of Grassy Fork"; and further described as "*commences* at beech corner made *ner* the mouth of Grassy Fork marked this day by said parties, *tene* each way to the top of the spur to run by two marked trees, then up each spur to the line that was run across the Grassy Fork, then with said line from the top of one mountain to the top of the other mountain." The instrument, after numerous assignments, was transferred to Lewis Haner (plaintiff's father), February 17, 1879. By deed dated August 18, 1882, the heirs at law of William Barker, conveyed to said Haner "a certain piece of land situate in Logan County on a branch of Big Creek, known as Grassy Fork of said creek, contain-

ing fifty acres (more or less) and bounded as follows, to-wit: Beginning at a beech tree marked by the said William Barker and James Harless near the mouth of said Grassy Fork thence running up the hill on each side of the said Grassy Fork to the top of each spur or point ridge, thence bearing up the branch and with the top of each ridge to about opposite the said Lewis Haner's house so as to intersect with the land heretofore sold and conveyed to said Lewis Haner by William Lucas and binding on same crossing the valley and branch inclusive.'' The conveyance recites a consideration of $60.00 paid to William Barker. By deed dated June 16, 1926, acknowledged and recorded October 2, 1928, Lewis Haner and wife conveyed to Robert Haner a parcel of land embracing the tract in dispute, and described by courses and distances as part of the land conveyed to Lewis Haner by the deed from William Barker's heirs, dated August 18, 1882. The Garretts assert title to 166 acres of land adjoining the fifty acres Haner tract, as remote grantees of the Barker heirs, under deed from William Leithead and wife, dated July 14, 1925. By agreement, in writing, dated March 1, 1928, Garretts leased to the defendant, W. G. MacCorkle, the 166 acres tract for oil and gas purposes. By writing dated September 17, 1928, W. G. MacCorkle transferred and assigned to the defendant, Trojan Gas Company, all of his right, title and interest in said lease. A large producing gas well, drilled by the lessee on the disputed land, without objection by plaintiff, was completed September 7, 1928. This suit was instituted November 8th, following. The bill charges that the well is on the land conveyed by Lewis Haner to Robert Haner, and prays for an injunction, restraining the defendants from extracting gas therefrom, and an order requiring them to account to plaintiff for gas taken. The joint and several answer of the defendants, in specifying the defenses hereinbefore enumerated, denies that the gas well is on the Haner land, and avers that it is within the lines of the 166 acres belonging to Garretts.

The record shows that no real estate, other than ''surface'' lands, has been assessed since 1903, in the magisterial district wherein the disputed territory lies, to Robert Haner,

Lewis Haner or any other person bearing the family name of "Haner, Hainer, or Hayner", or other similar appellation; and that no interest in real estate has been assessed in said magisterial district to Lewis Haner since 1912. These facts, in our opinion, establish prima facie the alleged forfeiture of plaintiff's claim of title to the gas, notwithstanding the possibility of the assessment and payment of taxes on the mineral estate in the disputed land by some undisclosed grantee of Lewis Haner, as suggested by counsel for plaintiff. The further view of counsel, that the assessment and payment of taxes on the 166 acres of land has protected plaintiff's claim of title to the 4.6 acres, is also unwarranted. If, as asserted by plaintiff, the former does not include any part of the latter, the assessment and payment of taxes on the one could not affect the other.

The defense of estoppel rests upon the failure of the plaintiff, residing in the immediate vicinity, to protest the drilling of the well. As plaintiff's title, if any, to the gas is vested in the state, the only possible injunctive relief open to him would be the restraining of trespass by defendants to the surface in the operation of the gas well. In view of the plaintiff's failure to protest the drilling of the well, at great expense to the lessee, he is now estopped to enjoin the use of the surface for the extraction and transportation of gas therefrom. *Beard* v. *Coal River Collieries Co.*, 103 W. Va. 240; *Cabot* v. *United Fuel Gas Co.*, 96 W. Va. 387. The fact that the exact location of the division line between the Haner and Garrett tracts was then in dispute did not relieve the plaintiff from the duty to speak and act; particularly as it does not appear that the well is within the fifty acres as he then claimed the location of the division line between the two parcels.

The decree of the circuit court is therefore affirmed.

*Affirmed.*