HOUCK-REIDLER BROTHERS COAL MINING COMPANY *v.*
UPPER ELK AND POTOMAC COAL CORPORATION

(CC 499)

Submitted May 8, 1934.   Decided June 12, 1934.

*P. J. Crogan,* for plaintiff.
*J. V. Gibson,* for defendant.

Kenna, Judge:

Houck-Reidler Brothers Coal Mining Company brought this action of trespass on the case against Upper Elk and Potomac Coal Corporation in the circuit court of Preston County, West Virginia, to recover the penalty prescribed by Code, 37-5-1, for mining coal within five feet of the boundary line of adjoining property. Four statutory encroachments are alleged, and $2,000.00 is the amount sought to be recovered.

The defendant appeared and filed, in addition to the general issue, its special plea alleging that the plaintiff is not the owner of the coal land, encroachment within five feet of the boundary of which is alleged in the plaintiff's declaration; that the tract of land in question was sold to the state in December, 1929, for taxes thereon delinquent for the year 1927; that it has not been redeemed and that the title thereto is now vested in the State of West Virginia by reason of the sale and forfeiture. To this special plea, the plaintiff filed its demurrer in writing, which was overruled, and the question arising upon the plea's sufficiency certified.

We are of the opinion that the special plea is good, and that if its averments are proved they will prevent the plaintiff from maintaining its action prior to redeeming the forfeited title. After redemption, such an action may be maintained. *Elk Garden Big Vein Coal Mining Co.* v. *Gerstell*, 95 W. Va. 471, 121 S. E. 569, 33 A. L. R. 298. The case referred to holds that after redemption, the former owner may maintain an action of trespass for acts done during the period of time that the state held title, basing the holding upon the retrospective effect of the redemption. This case seems to us to virtually settle the questions involved in the case at bar, because when it is considered that the court based its decision upon the retrospective effect of redemption, it becomes quite clear that without redemption, no such action may be maintained. Otherwise, redemption would not enter into the matter. This agrees with our other cases denying to the former owner

the status of a litigant while his title is in the state. Such former owner has no litigable interest. *Early, Receiver* v. *Berry,* 115 W. Va. 105, 175 S. E. 331; *Haner* v. *MacCorkle,* 109 W. Va. 762, 158 S. E. 500; *Morgan* v. *Poole,* 76 W. Va. 534, 85 S. E. 724; *State* v. *Mathews,* 68 W. Va. 89, 69 S. E. 644.

A distinction is sought to be made between the effect of forfeiture for non-entry, and the effect of a sale to the state and the lapse of the period of redemption, upon the right of the former owner to maintain an action of trespass during the period that the state has title. If such a distinction exists, we can see no practical significance that can be attached to it on this question. Section 2, article 3, chapter 37, Code, is the section under which lands of less than one thousand acres are forfeited to the state for non-entry. The section simply says that under the conditions therein defined, "the land shall be forfeited and the title thereto vested in the state". Section 29 of article 10 of chapter 11 of the Code is the section which defines the right acquired when the state buys at a tax sale. What the state acquires is "all such estate, right, title and interest in the real estate mentioned in such lists, as would have vested in an individual purchaser thereof at such sale who had obtained proper deeds therefor and caused them to be admitted to record in the proper office." Section 22 of the same article gives us the interest which is acquired by a deed to the individual purchaser, recorded in the proper county. This interest is "such right, title and interest in and to such real estate, as was vested in the person or persons charged with the taxes thereon for which it was sold * * * and all such right, title and interest therein of any other person or persons having title thereto, who have not in his or their own name been charged on the land books of the proper county or assessment district, with the taxes chargeable on such real estate, etc." In either case, the title has passed out of the former owner. In the case of the sale to the state, he has remaining the right to redeem with certain privileges attached thereto, all of which have been conferred upon him by statutory

provisions. We have already held that none of these provisions gives him the right to litigate, except to the extent that that right is directly conferred for the purposes of a proceeding by the school commissioner to sell the forfeited land.

On the basis of what has been said, the ruling of the circuit court of Preston County on the special plea will be affirmed, and the question certified so answered.

*Affirmed.*