382 S.E.2d 33

**James E. BELCHER, et al.**

v.

**Robert Morris GREER, Sr., et al.**

**No. CC988.**

Supreme Court of Appeals of
West Virginia.

June 7, 1989.

John D. Wooton, Wooton, Wooton & Fragile, Beckley, for James E. Belcher.

Earl Kent Hellems and John A. Hutchinson, Gorman Sheatskey & Hutchinson, Beckley, for Robert and Nancy Greer.

Fred Jesser, Fayetteville, for Coalmac, Inc. and Phil Weber.

NEELY, Justice:

In 1973 the plaintiffs below, James E. Belcher and Sharon L. Belcher, conveyed real estate in Raleigh County to the defendants below, Robert Morris Greer, Sr. and his wife, Nancy Greer (now Nancy Hall as the result of divorce and remarriage.) Plaintiffs maintain that this was a conveyance of the surface interests only, reserving to the plaintiffs the underlying minerals. The defendants maintain that they believed in good faith that they were purchasing both the surface and the minerals.

In June, 1986 the plaintiffs sued the defendants, alleging that various defendants had wrongfully converted an undisclosed amount of coal from the subject property at times unknown to the plaintiffs. Unfortunately for the plaintiffs, from the time of sale in 1973 until after plaintiffs filed their action for trespass and conversion in circuit court, the land book listing for the subject tract was for "surface only" in the name of Robert Morris Greer, Sr. and Nancy Greer, his wife. Thus, from 1973 through most of 1986, there was no entry on the land books in the names of plaintiffs for the mineral interests on the subject 94 acre parcel. Indeed, James Belcher testified in his deposition that he had paid no taxes whatsoever on the mineral interests since 1973.

On 4 October 1987, defendant Nancy Hall moved to dismiss the case with prejudice because: (1) plaintiffs had paid no taxes on the mineral estate since 1973; (2) the mineral estate was forfeited to the State of West Virginia for non-payment of taxes; and (3) plaintiffs had not exercised their redemption rights. The circuit court declined to grant the defendant's motion and, thereafter, the plaintiffs paid total taxes on the mineral estate of $132.35, with interest of $126.93 and a certification fee of $10.00; They then received a valid certificate of redemption from the State for the mineral estate. Now, therefore, the plaintiffs own the mineral estate (at least to the extent that they would have owned it had they not failed to pay the taxes.)

I.

After denying the motion to dismiss the plaintiffs' action with prejudice, the circuit court certified three questions to this Court. The first question is:

"Does an alleged landowner have standing to bring an action of wrongful conversion of mineral interests if the landowner fails to have his land entered in the land books in the appropriate county for a period of more than five years, and the landowner has not exercised his right of redemption at the time a motion to dismiss for lack of standing was filed and ruled upon by the court?"

The Court answered this question in the affirmative.

The circuit court gave the wrong answer to the first certified question. In *Houck–Reidler Brother Coal Mining Co., v. Coal Corp.*, 115 W.Va. 246, 174 S.E. 894 (1934),

we held that a former owner of land sold to the state for delinquent taxes cannot sue to recover the statutory penalty for removing coal within five feet of the boundary line before redemption and while title to the land is in the state. We also held that there was no substantive difference in such a case between actual sale to the state and forfeiture for non-entry. In the instant case, when the motion to dismiss was made, the legal owner of the mineral estate was the State of West Virginia, *W. Va. Code*, 11A–4–2 [1947], and plaintiffs did not have standing to sue for trespass.[1]

■ The second question certified to us is:

"Does the redemption, by plaintiffs of real estate which has not been entered on the land books of Raleigh County for a period of more than five years, subsequent to the time any motion to dismiss with prejudice was filed by the court, provide standing of the plaintiffs to sue for wrongful conversion of the mineral which was allegedly removed during the time period in which the property was not listed in the land books?"

The circuit court answered this question in the affirmative, and that answer was correct. Defendants, in their brief before this Court, admit the following:

... the defendants recognize the holdings of this Court in *Elk Garden Big Vein Coal Mining Company* and *Houck–Reidler Brothers Coal Mining Company* as allowing a forfeiting landowner to proceed upon an action in trespass after redeeming their interest from the State for acts of trespass which occurred during the period of forfeiture.

*Elk Garden Big Vein Coal Mining Company v. Gerstell*, 95 W.Va. 471, 121 S.E. 569 (1924) and *Houck–Reidler Brothers Coal Mining Company v. Coal Corp., supra.*

The third question certified to us is:

"Do the Plaintiffs have standing to raise the issue of wrongful conversion?"

This question was answered in the affirmative by the circuit court, but only after plaintiffs had redeemed their land. Thus, the circuit court was correct that the plaintiffs have standing to sue once redemption has been effected. Syl. Pt. 1, *Elk Garden, supra.*

## II.

■ The central problem in this case is the defendants' mistaken belief that the plaintiffs' lack of standing because of a purely technical oversight—namely, failure to pay back taxes to redeem their mineral interest—necessarily entitled them to a dismissal *with prejudice*. Nothing in Rule 41, *W. Va.R. Civ.P.*, implies, however, that a judge *must* dismiss an action with prejudice if justice and the nature of the cause do not so require. Rule 41(b) governing involuntary dismissal provides in pertinent part:

"... After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits. [Emphasis added]

Consequently, the circuit court could have dismissed plaintiffs complaint under Rule 12(b)(6), *W. Va.R. Civ.P.*, for failure to state

---

1. We recognize that the gist of trespass is injury to possession. 87 *C.J.S.* at 972. To sustain an action for trespass, the plaintiff must have either actual physical possession or constructive possession, usually through holding legal title. *Pan Coal Co. v. Garland Pocahontas Coal Co.,* 97 W.Va. 368, 125 S.E. 226 (1924). Because actual possession of a mineral estate is virtually impossible until the minerals are being extracted, plaintiffs in the case *sub judice* need legal title (and thus, constructive possession) to prosecute their trespass action.

a claim (because plaintiffs didn't own the land on which the trespass occurred), but made such dismissal without prejudice.[2] The plaintiffs, of course, would have done exactly what they did—namely redeem the land. They would then have filed a new action which would have taken up the time of the sheriff to serve the complaint and the time of the circuit clerk to create a new file. Nonetheless, when all was said and done, the case would be in the circuit court, where it is now, waiting for a decision on the merits.

Therefore, in deference to considerations of judicial economy, notwithstanding that the circuit court should have granted the motion to dismiss—but without prejudice— we are reluctant to order the needless act of dismissal at this stage because all standing problems have been cured.

Accordingly, having answered the certified questions presented, this case is remanded to the Circuit Court of Raleigh County with directions to proceed to trial.

Certified questions answered.

**2.** Moore's Federal Practice, discussing Rule 41, *Fed.R.Civ.P.*, the federal counterpart to our rule, states:

> This discretion in framing the dismissal order is needed, subject to direct appellate review for abuse, where the dismissal is without consideration of the merits. Discretion is also needed.in cases where there is a consideration of the merits, but the plaintiff fails to prove his claim.... Since a dismissal with prejudice is a harsh sanction, such a dismissal is warranted only in extreme circumstances, and only after the trial court has considered a wide range of lesser sanctions. 5 Moore's Federal Practice at 41–201–203 (2nd ed.).

In addition, it is likely that a dismissal in the instant case for a lack of standing would constitute a dismissal for lack of jurisdiction within the meaning of Rule 41 which would guarantee that the dismissal was *without* prejudice even if the trial court failed to so specify. *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).