IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

_____

No. 21-0038

_____

FILED

April 15, 2022

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

RITA TANNER and DENNIS TANNER,
Petitioners,

v.

BRYAN D. RAYBUCK, M.D.,
Respondent.

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Susan B. Tucker, Judge
Civil Action No. 20-C-136

AFFIRMED, IN PART, AND VACATED AND REMANDED, IN PART

_____

Submitted: February 8, 2022
Filed: April 15, 2022

George N. Sidiropolis, Esq.
David A. Jividen, Esq.
Jordan M. Laird, Esq.
Jividen Law Offices, PLLC
Wheeling, WV
Counsel for Petitioners
Rita and Dennis Tanner

Chelsea V. Brown, Esq.
Bowles Rice LLP
Morgantown, WV
Counsel for Respondent
Bryan D. Raybuck, M.D.

JUSTICE ARMSTEAD delivered the Opinion of the Court.

CHIEF JUSTICE HUTCHISON concurs and reserves the right to file a separate Opinion.

JUSTICE WOOTON concurs in part and dissents in part and reserves the right to file a separate Opinion.

JUSTICE ALAN D. MOATS, sitting by temporary assignment.

SYLLABUS BY THE COURT

1. "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Collins v. Heaster*, 217 W. Va. 652, 619 S.E.2d 165 (2005).

2. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statue, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

3. "Pursuant to W. Va. Code § 55-7B-6 (a) and (b) [2003], no person may file a medical professional liability action against any health care provider unless, at least thirty days prior to the filing of the action, he or she has served, by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in the litigation." Syl. Pt. 4, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

4. The MPLA clearly prohibits the filing of a medical professional liability action against a health care provider prior to serving, by certified mail, return receipt requested, a notice of claim upon each health care provider the claimant will join in the litigation. In addition to the notice of claim, unless a claimant is proceeding under

i

West Virginia Code § 55-7B-6(c), the claimant must also serve a screening certificate of merit upon each health care provider the claimant will join in the litigation, prior to filing a civil action.

5.    "The pre-suit notice requirements contained in the West Virginia Medical Professional Liability Act are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction."  Syl. Pt. 2, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

6.    "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."  Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965).

7.    "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket."  Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Center, Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).

8.    "Where a medical malpractice action is dismissed for failure to comply with the pre-suit notice of claim provision set forth in W. Va. Code § 55-7B-6(b) and the dismissal order does not specify the dismissal to be with prejudice, the dismissal is

ii

deemed to be without prejudice." Syl. Pt. 3, in part, *Davis v. Mound View Health Care, Inc.*, 220 W. Va. 28, 640 S.E.2d 91 (2006).

9. "A circuit court has no authority to suspend the West Virginia Medical Professional Liability Act's pre-suit notice requirements and allow a claimant to serve notice after the claimant has filed suit. To do so would amount to a judicial repeal of W. Va. Code § 55-7B-6 [2003]." Syl. Pt. 5, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

ARMSTEAD, Justice:

The West Virginia Medical Professional Liability Act (hereinafter "MPLA") prohibits the filing of a medical professional liability action against a health care provider unless the claimant first serves a notice of claim on every health care provider that he or she will join in the action. W. Va. Code § 55-7B-6. Petitioners, Rita and Dennis Tanner (hereinafter "Petitioners"), filed suit against Respondent (hereinafter "Respondent" or "Dr. Raybuck") and various medical providers,[1] asserting claims including, but not limited to, medical negligence, *res ipsa loquitur*, and loss of consortium. However, Petitioners did not serve a screening certificate of merit upon Respondent before filing their Complaint. Respondent filed a motion to dismiss, and the circuit court granted the motion. Petitioners appeal the circuit court's dismissal of their complaint with prejudice.

After careful review of the record before us, the parties' briefs and oral arguments, and the applicable law, we find that the circuit court did not err by dismissing Petitioners' claims against Respondent for lack of subject matter jurisdiction, albeit for different reasons. However, the circuit court erred in dismissing Petitioners' claims **with prejudice**. Accordingly, we affirm the portion of the circuit court's order granting Respondent's motion to dismiss, but we vacate the circuit court's decision to grant the

---

[1] In addition to Dr. Raybuck, Petitioners named West Virginia University Hospitals, Inc., d/b/a J.W. Ruby Memorial Hospital and West Virginia University Board of Governors, d/b/a WVU Medicine as defendants in their civil action. West Virginia University Hospitals, Inc. was voluntarily dismissed pursuant to a Stipulation of Voluntary Dismissal, and West Virginia University Board of Governors was never served with a copy of the Complaint.

1

dismissal with prejudice.  We further remand this case to the circuit court and direct it to enter an order dismissing Petitioners' civil action without prejudice.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2018, Petitioner, Rita Tanner, was referred to Dr. Raybuck for implantation of a Watchman Left Atrial Appendage Closure Device ("Watchman device"), which is designed to prevent clots that form in the left atrial appendage of the heart from migrating into the blood stream, potentially causing a stroke.  On April 19, 2018, Ms. Tanner underwent surgery at Ruby Memorial Hospital. While Dr. Raybuck was positioning the Watchman device, the device came free from the delivery cable and embolized into Ms. Tanner's left ventricle causing her to go into cardiac arrest.  According to Petitioners, Ms. Tanner underwent an emergency open heart surgery to retrieve the Watchman device.

On April 17, 2020, Petitioners served Dr. Raybuck with a Notice of Claim. The Notice of Claim indicated that Petitioners had not had sufficient time to procure a screening certificate of merit but would provide the same within sixty (60) days. [2] However, on May 18, 2020, before producing a screening certificate of merit, Petitioners filed their civil action in the Circuit Court of Monongalia County. [3]  On or about June 9,

---

[2] The Notice of Claim was not contained in the appendix record.  However, the circuit court made a finding that the Notice of Claim "indicated that [Petitioners] had not had sufficient time to procure a Screening Certificate of Merit but would provide the same within sixty (60) days."

[3] Petitioners did not serve Dr. Raybuck with their Complaint until September 17, 2020.

2

2020, Petitioners produced a screening certificate of merit authored by Dr. Emil Hayek. The following day, counsel for Dr. Raybuck objected to the screening certificate of merit. By letter dated June 22, 2020, counsel for Dr. Raybuck identified several issues with the screening certificate of merit authored by Dr. Hayek.[4]

On October 9, 2020, Dr. Raybuck filed a motion to dismiss Petitioners' Complaint in its entirety. Dr. Raybuck's motion relied upon Rules 12(b)(1) and 12(b)(6) of the West Virginia Rules of Civil Procedure. Dr. Raybuck argued that Petitioners failed to comply with the pre-suit notice requirements under the MPLA and thus, deprived the circuit court of subject matter jurisdiction.[5] In response, Petitioners argued that they had timely complied with all pre-suit notice requirements. Dr. Raybuck filed a reply, and a hearing on Dr. Raybuck's motion to dismiss was held on December 4, 2020. By order entered December 15, 2020, the circuit court granted Dr. Raybuck's motion and dismissed Petitioners' Complaint with prejudice. In support of its decision to dismiss Petitioners' Complaint, the circuit court found it lacked subject matter jurisdiction. Although it noted that Petitioners filed their Complaint before producing a screening certificate of merit, the

---

[4] Dr. Raybuck's correspondence dated June 22, 2020, objected to the fact that Dr. Hayek had never undergone training on how to perform the Watchman operation, was not affiliated with a hospital authorized to perform the Watchman operation, and had never personally performed the operation.

[5] Dr. Raybuck argued that Petitioners' screening certificate of merit was both legally deficient and insufficient as a matter of law. In addition, Dr. Raybuck argued that Petitioners' claim for *res ipsa loquitur* should fail because the applicable standard of care for this type of medical decision must be presented by an expert witness.

circuit court based its decision that it lacked subject matter jurisdiction on Petitioners' failure to provide a screening certificate of merit that met the statutory requirements of the MPLA. Specifically, the circuit court found that "Dr. Hayek does not possess the 'experience and/or training in diagnosing or treating injuries or conditions similar to those of the patient' as required by West Virginia Code § 55-7B-7(a)(6)." Further, the circuit court found that Petitioners failed to produce a "valid Screening Certificate of Merit prior to the running of the statute of limitations." Accordingly, the circuit court dismissed Petitioners' Complaint with prejudice.

## II. STANDARD OF REVIEW

Petitioners appeal the circuit court's December 15, 2020 order granting Dr. Raybuck's motion to dismiss. "'Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick,* 194 W. Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Collins v. Heaster*, 217 W. Va. 652, 619 S.E.2d 165 (2005). Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statue, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

With these standards in mind, we turn to the parties' arguments.

## III. ANALYSIS

4

Although it appears undisputed, we begin our analysis by confirming that the MPLA applies to the claims being asserted by Petitioners. Petitioners' factual allegations in their Complaint allege that Ms. Tanner was a "patient" of the Respondent "health care provider" as those terms are defined in the MPLA.[6] Further, a reading of Petitioners' complaint reveals that their allegations state a claim for "medical professional liability" because the acts and omissions complained of were "health care services rendered or which should have been rendered by a health care provider or a health care facility to a patient." These allegations clearly fall within the definitions and claims expressly governed by W.

---

[6] West Virginia Code § 55-7B-2(g) defines "health care provider" as

a person, partnership, corporation, professional limited liability company, health care facility, entity or institution licensed by, or certified in, this state or another state, to provide health care or professional health care services, including, but not limited to, a physician, osteopathic physician, physician assistant, advanced practice registered nurse, hospital, health care facility, dentist, registered or licensed practical nurse, optometrist, podiatrist, chiropractor, physical therapist, speech-language pathologist, audiologist, occupational therapist, psychologist, pharmacist, technician, certified nursing assistant, emergency medical service personnel, emergency medical services authority or agency, any person supervised by or acting under the direction of a licensed professional, any person taking actions or providing service or treatment pursuant to or in furtherance of a physician's plan of care, a health care facility's plan of care, medical diagnosis or treatment; or an officer, employee or agent of a health care provider acting in the course and scope of the officer's, employee's or agent's employment.

West Virginia Code § 55-7B-2(m) defines "patient" as a "natural person who receives or should have received health care from a licensed health care provider under a contract, express or implied."

Va. Code § 55-7B-2. Therefore, it is clear that the MPLA applies to the claims being asserted by Petitioners.

Initially, Petitioners argue that the circuit court erred in determining that the screening certificate of merit they produced failed to meet the requirements of West Virginia Code § 55-7B-7(a)(6) insofar as Dr. Hayek is engaged and qualified in the medical field of interventional cardiology. However, because we find that the circuit court lacked subject matter jurisdiction in this matter due to Petitioners' failure to serve a screening certificate of merit prior to filing their Complaint, the circuit court should not have proceeded to consider the sufficiency or contents of the screening certificate of merit. Accordingly, it is not necessary for us to consider the sufficiency of the screening certificate of merit on appeal.

With respect to the lack of subject matter jurisdiction, we agree with the circuit court that it lacked subject matter jurisdiction, but not for the reasons delineated in the order being appealed by Petitioners. Instead, the circuit court lacked subject matter jurisdiction over Petitioners' claims because they failed to comply with the pre-suit notice requirements of the MPLA by filing their Complaint before serving a screening certificate of merit – deficient or otherwise. The pre-suit notice requirements of the MPLA provide that

6

[p]ursuant to W. Va. Code § 55-7B-6(a) and (b) [2003], no person may file a medical professional liability action against any health care provider unless, at least thirty days prior to the filing of the action, he or she has served, by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in the litigation.

Syl. Pt. 4, *State ex rel. PrimeCare Medical of West Virginia, Inc. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). The notice of claim "shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent." W. Va. Code § 55-7B-6(b). Of particular importance in this case, the notice of claim must also be accompanied by a "screening certificate of merit." *Id*. The MPLA clearly prohibits the filing of a medical professional liability action against a health care provider prior to serving, by certified mail, return receipt requested, a notice of claim upon each health care provider the claimant will join in the litigation. In addition to the notice of claim, unless a claimant is proceeding under West Virginia § 55-7B-6(c), the claimant must also serve a screening certificate of merit upon each health care provider the claimant will join in the litigation, prior to filing a civil action. As we held in *Davis v. Mound View Health Care, Inc.*, 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006), "[t]he provisions of W. Va. Code § 55-7B-6 (a) and (b) are clear and unambiguous, and thus should be applied as written."[7] We

---

[7] There are, however, circumstances where a notice of claim may be served without a screening certificate of merit. West Virginia Code § 55-7B-6(c) permits a claimant who believes that no screening certificate of merit is necessary because the claim is based upon a "well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care" to file a statement "specifically

7

are unpersuaded by Petitioners' argument that the MPLA is silent as to whether a claimant may file a complaint prior to serving a screening certificate of merit.

Petitioners served a notice of claim upon Dr. Raybuck before they filed their Complaint.  However, the notice of claim did *not* include a screening certificate of merit. The notice of claim indicated that Petitioners had not had sufficient time to procure a screening certificate of merit but would provide the same within sixty (60) days.[8]

West Virginia Code § 55-7B-6(d) permits claimants like Petitioners who have insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations to furnish a statement of intent to provide the screening certificate of merit within sixty days of the date the health care provider receives the notice of claim.  Specifically, W. Va. Code § 55-7B-6(d) states:

> Except for medical professional liability actions against a nursing home, assisted living facility, their related entities or employees, or a distinct part of an acute care hospital providing intermediate care of skilled nursing care or its employees, if a claimant or his or her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant shall comply with the provisions of subsection (b) of this section except that the claimant or his or her counsel shall furnish the health care

setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit."  *Id*.

[8] *See* supra n. 2.

provider with a statement of intent to provide a screening certificate of merit within 60 days of the date the health care provider receives the notice of claim. The screening certificate of merit shall be accompanied by a list of the medical records otherwise required to be provided pursuant to subsection (b) of this section.

W. Va. Code § 55-7B-6(d). Therefore, Petitioners were authorized by the MPLA to provide the screening certificate of merit within sixty (60) days, and Petitioners, in fact, provided the screening certificate of merit within the sixty (60) day period.[9] Once the screening certificate of merit is provided within sixty (60) days of the notice claim, the healthcare provider has thirty (30) days to respond pursuant to the provisions of West Virginia Code § 55-7B-6(f). Further, the MPLA provides for the tolling of the statute of limitations

to 30 days following receipt of a response to the notice of claim, 30 days from the date a response to the notice of claim would be due, or 30 days from the receipt by the claimant of written notice from the mediator that the mediation has not

---

[9] West Virginia Code § 55-7B-6(c) outlines circumstances in which a notice of claim may be served without a screening certificate of merit. Petitioners filed a notice of claim, which included a statement of intent to provide a screening certificate of merit within sixty days, and Petitioners subsequently served Respondent with a screening certificate of merit. Moreover, with respect to their *res ipsa loquitur* claim, Petitioners noted that "[t]he instant case, is not a scenario where [they] are without a Screening Certificate of Merit. To the contrary, the issue is whether or not in addition to the Screening Certificate of Merit, the doctrine of *res ipsa loquitur* militates in favor of a finding for the Petitioner." For these reasons, it is clear that Petitioners were not proceeding under West Virginia § 55-7B-6(c). To the extent that they may now be arguing that a screening certificate was not necessary, they failed to follow the process outlined in West Virginia Code § 55-7B-6(c).

> resulted in a settlement of the alleged claim and that mediation
> is concluded, whichever last occurs.

W. Va. Code § 55-7B-6(i)(1).

If a complaint is filed after the notice of claim, but before the screening certificate of merit, the purpose of pre-suit notice requirements is undermined because the health care provider is not afforded an opportunity to review the context of the purported deviation from the standard of care and settle meritorious claims before suit is filed against them. Likewise, the point of the screening certificate of merit – to prevent the filing of frivolous claims unsupported by an expert's assurances that the claim is not, in fact, frivolous – is missed when the complaint is filed before that safeguard is in place.

Dismissal for lack of jurisdiction is proper in this case, however, because Petitioners filed their Complaint in the Circuit Court of Monongalia County *before* they provided Dr. Raybuck with a screening certificate of merit. For this reason, Petitioners clearly failed to comply with the pre-suit notice requirements of the MPLA. Providing a notice of claim, which includes a screening certificate of merit, is a *pre-suit* notice requirement of the MPLA. The screening certificate of merit provided by Petitioners failed to satisfy the requirements of West Virginia Code § 55-7-6(b) because it was filed several weeks after Petitioners filed their Complaint.

Before the circuit court, Petitioners argued that they had "timely complied" with the pre-suit notice requirements of the MPLA, noting that,

> [i]n accordance with the provisions of West Virginia Code § 55-7B-6, a notice of claim was sent to Dr. Raybuck on April 17, 2020. Thirty days later, on May 18, 2020, the instant civil action was filed in accordance with the Medical Professional Liability Act ('MPLA'). The plaintiff provided the Screening Certificate of Merit to the defendant on June 9, 2020.

The timing of these filings clearly shows that Petitioners failed to comply with the pre-suit notice requirements of the MPLA.

The pre-suit notice requirements of the MPLA "are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, in part, *State ex rel. PrimeCare Med. of W. Va. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). It appears from the circuit court's order that it predicated its ruling of lack of subject matter jurisdiction, at least in part, on the insufficiency of Petitioners' screening certificate of merit based on the qualifications and experience of the doctor providing the certificate. However, we find that the circuit court lacked subject matter jurisdiction because Petitioners failed to provide their screening certificate of merit before filing their Complaint.[10] "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record,

_____

[10] We note that the circuit court identified this issue during the hearing on December 4, 2020.

11

regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). It is undisputed that Petitioners filed their Complaint before they served Dr. Raybuck with a screening certificate of merit, which is in violation of the MPLA. Therefore, we find that the circuit court lacked subject matter jurisdiction over the action.

Providing the screening certificate of merit ***post-suit*** is insufficient to cure the jurisdictional deficiency created by Petitioners' failure to comply with the pre-suit notice requirements of the MPLA. As we noted in *State ex rel. PrimeCare v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019), the intents of the MPLA "are thwarted whenever claimants file suit and give notice later." *Id*. at 345, 835 S.E.2d at 589. In the instant case, it is undisputed that Petitioners served their screening certificate of merit *after* they filed suit, which certainly thwarts the intent of the MPLA. "A circuit court has no authority to suspend the West Virginia Medical Professional Liability Act's pre-suit notice requirements and allow a claimant to serve notice after the claimant has filed suit. To do so would amount to a judicial repeal of W. Va. Code § 55-7B-6 [2003]." Syl. Pt. 5, *State ex rel. PrimeCare*, 242 W. Va. 335, 835 S.E.2d 579 (2019).

After determining that Petitioners lacked jurisdiction to proceed, the circuit court should have taken "no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, in part, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.,* 158 W. Va. 492, 211 S.E.2d 705 (1975). Instead, the circuit court undertook an analysis of the

12

sufficiency of the screening certificate of merit and found that Petitioners "did not produce a rule-compliant Screening Certificate of Merit prior to the expiration of the statute of limitations as identified by Defendant Dr. Raybuck on August 9, 2020" and dismissed the case with prejudice. However, as we have determined above, the circuit court did not have subject matter jurisdiction because the complaint was filed before the screening certificate of merit. Therefore, the circuit court should not have undertaken an analysis of the sufficiency of the screening certificate of merit or application of the statute of limitations.

Although dismissal for lack of subject matter jurisdiction was clearly warranted, we must further examine whether the circuit court's dismissal *with prejudice* was appropriate. Pursuant to Rule 41 of the West Virginia Rules of Civil Procedure, involuntary dismissals of actions:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, ***other than a dismissal for lack of jurisdiction*** or for improper venue, operates as an adjudication upon the merits.

W. Va. R. Civ. P. 41(b) (emphasis added). Accordingly, a dismissal for lack of jurisdiction is not considered an "adjudication on the merits" and is therefore generally a dismissal without prejudice. *See McClay v. Mid-Atlantic Country Magazine*, 190 W. Va. 42, 435 S.E.2d 180 (1993); *Belcher v. Greer*, 181 W. Va. 196, 382 S.E.2d 33 (1989).

13

We have previously considered the question of whether the dismissal of an action governed by the MPLA for failure to fulfill the pre-suit requirements of the act should be with or without prejudice. In *Davis v. Mound View Health Care, Inc.*, 220 W. Va. 28, 640 S.E.2d 91 (2006), we held that "where a medical malpractice action is dismissed for failure to comply with the pre-suit notice of claim provision set forth in W. Va. Code § 55-7B-6(b) ***and the dismissal order does not specify the dismissal to be with prejudice***, the dismissal is deemed to be without prejudice." *Id.* at Syl. Pt. 3, in part (emphasis added). While the holding in *Davis* clearly appears to favor dismissal without prejudice in cases such as this, the inclusion of the qualifying phrase "and the dismissal order does not specify the dismissal to be with prejudice" certainly implies that the circuit court *may* dismiss such action with prejudice.

Here, the circuit court did, in fact, order that the Petitioners' action be dismissed ***with prejudice***. However, in considering the entirety of the circuit court's order dismissing the Petitioners' action, it appears that the circuit court reached such conclusion, at least in part, based on factors other than the fact that Petitioners filed their action prior to serving a certificate of merit. As set forth above, the circuit court's consideration of the applicable statute of limitations and the *sufficiency* of the screening certificate of merit was improper due to the fact that Petitioners' failure to serve the screening certificate of merit prior to filing their Complaint deprived the circuit court of subject matter jurisdiction over the action.

14

While this Court's holding in *Davis* implies that a circuit court *may* order dismissal with prejudice where a plaintiff fails to comply with the pre-suit requirements of the MPLA, we find that in the present case, the circuit court's consideration of other grounds for dismissal, which should have not been considered in this case, appears to have influenced its decision to grant dismissal *with prejudice*. We decline to hold that dismissal with prejudice is never proper where a plaintiff fails to comply with the pre-suit notice requirements of the MPLA. *See Pendleton v. Wexford Health Sources, Inc.,* No. 15-0014 (W. Va. December 7, 2015) (memorandum decision) (holding that dismissal of an MPLA action with prejudice was proper when Petitioner misrepresented information in his statement in lieu of a screening certificate of merit). However, in light of the facts of the current matter, and the circuit court's apparent improper consideration of the statute of limitations and sufficiency of the contents of the certificate of merit in reaching its decision, the court's dismissal should have been without prejudice.[11]

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the circuit court lacked subject matter jurisdiction to proceed in this case due to Petitioners' failure to comply with

---

[11] There are instances in which medical malpractice actions which are dismissed without prejudice may be refiled after compliance with pre-suit notice requirements. However, we do not intend for the holding in this case to imply that this Court has made a determination as to whether Petitioners' claims, if they decide to refile, are time-barred. That issue will need to be addressed by the circuit court if Petitioners comply with the pre-suit notice requirements and refile their action.

15

the MPLA's pre-suit notice requirements.[12]  Accordingly, we affirm the circuit court's decision to the extent that it dismisses Petitioners' civil action, but we vacate the circuit court's decision to the extent that the dismissal was with prejudice, and remand with instructions that the case be dismissed without prejudice.

Affirmed, in part, and vacated and remanded, in part

---

[12] We decline to address Petitioners' assignment of error as to an alleged "clearly frivolous" standard of proof as this assignment was rendered moot by our holding regarding lack of subject matter jurisdiction.  Further, we find no error with the circuit court's ruling that Petitioners' decision to plead this case as one under *res ipsa loquitur* does not remedy their failure to comply with the MPLA.