# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**VICTOR SUMMERS,**
**Plaintiff Below, Petitioner**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-385**  (Cir. Ct. Roane Cnty. Case No. CC-44-2022-C-31)

**EDWARD L. MOORE,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Victor Summers appeals the Circuit Court of Roane County's August 26, 2024, order, which granted Respondent Edward L. Moore's motion to dismiss or alternatively for summary judgment and denied Mr. Summers' motion in opposition to Rule 41(b) dismissal. Dr. Moore filed a response.[1] Mr. Summers did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is affirmed, in part, vacated, in part, and this case is remanded to the circuit court with instructions to enter an order consistent with this decision and that the case be dismissed without prejudice.

In May 2020, Dr. Moore purchased ultraviolet germicidal lights for use in his dental office to help mitigate against the spread of COVID-19. The UV lights were used for disinfection purposes, but they were not used during patient care. On August 26, 2020, Mr. Summers presented at Dr. Moore's dental office for treatment. After he arrived, but before receiving any dental treatment, Dr. Moore's staff placed Mr. Summers in a patient room that contained one of the UV lights. The light's activation timer was malfunctioning, and the light turned on while Mr. Summers was waiting in the room. He was exposed to the ultraviolet light and as a result suffered bilateral conjunctival thermal burns and blistering on his skin, eyes, and lips.

On July 25, 2022, Mr. Summers' attorney served Dr. Moore with a notice of claim, and a screening certificate of merit pursuant to West Virginia Code § 55-7B-6(c) (2022) of the West Virginia Medical Professional Liability Act ("MPLA"). The screening certificate

---

[1] Mr. Summers is represented by Sam H. Harrold III, Esq. Dr. Moore is represented by Michael D. Dunham, Esq., and Tyler L. Rittenhouse, Esq.

of merit set forth alleged deficiencies in Dr. Moore's use of UV lights and was executed by Tiffanie Bova, a registered nurse with certifications in nursing, nursing home administration, and wound care and a background in corporate compliance for healthcare facilities. Ms. Bova had no education, training, or experience in dentistry and never worked in a dental office but had experience with "patient safety related to durable medical equipment."

On August 16, 2022, Mr. Summers filed the underlying civil action against Dr. Moore for medical malpractice and negligence. In September 2022, Dr. Moore filed a motion to dismiss or alternatively for summary judgment on the grounds that Mr. Summers failed to comply with the MPLA's pre-suit notice requirements and that Dr. Moore was entitled to immunity pursuant to the COVID-19 Jobs Protection Act, West Virginia Code §§ 55-19-1 to 55-19-9 (2021). In November 2022, a hearing on Dr. Moore's dispositive motion was held and the circuit court took the matter under advisement.

No further action was taken in the case by the circuit court or the parties and in February 2024, the circuit court clerk's office issued a notice of intent to dismiss Mr. Summers' action pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure. In March 2024, Mr. Summers filed a motion in opposition to Rule 41(b) dismissal and the circuit court held a status conference. The parties and the circuit court discussed the issues related to Dr. Moore's outstanding motion and Mr. Summers' opposition to Rule 41(b) dismissal. The circuit court took the outstanding issues under advisement.

In an August 26, 2024, order, the circuit court granted Dr. Moore's motion to dismiss or alternatively for summary judgment, finding that Ms. Bova was not qualified to issue a screening certificate of merit under the MPLA because her "professional background as a wound care nurse, corporate compliance officer, and nursing supervisor in long-term care facilities does not qualify her as an expert in dentistry or UV lighting specific to dental settings." Given this finding, the circuit court concluded that Mr. Summers failed to comply with the MPLA's pre-suit notice requirements and therefore, the circuit court lacked subject matter jurisdiction. Additionally, the circuit court determined that Dr. Moore was immune from liability pursuant to the COVID-19 Jobs Protection Act and denied Mr. Summers' motion opposing Rule 41(b) dismissal as moot. This appeal of the circuit court's August 26, 2024, order followed.

We review the order granting Mr. Summers' motion to dismiss or alternatively for summary judgment under a de novo standard. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."); Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). Moreover, "[w]hether a circuit court has

2

subject-matter jurisdiction is an issue of law reviewed *de novo*." Syl. Pt. 2, *In re K.A.*, ___ W. Va. ___, 915 S.E.2d 520 (2025).[2]

In his first assignment of error, Mr. Summers asserts that the circuit court erroneously concluded that Ms. Bova was not qualified to execute a screening certificate of merit related to Mr. Summers' claims and therefore, Mr. Summers did not comply with the jurisdictional pre-suit notice requirements of West Virginia Code § 55-7B-6. Mr. Summers argues that his claims result from the negligent placement and use of a malfunctioning UV light in a patient treatment area and are not related to the actual dental care received. Therefore, the circuit court's focus on Ms. Bova's lack of experience in the dental field was erroneous. Mr. Summers contends that Ms. Bova is properly qualified to execute a screening certificate of merit in the instant case because she is a licensed nurse who specializes in healthcare compliance and patient safety. Conversely, Dr. Moore asserts that Ms. Bova, a nurse with no experience in dentistry or with UV lights in a dental setting, does not meet the statutory criteria required to execute a screening certificate of merit and that the circuit court did not err.

Under the MPLA, a valid screening certificate of merit must be executed by an expert witness who "maintains a current license to practice medicine" and who is "engaged or qualified in a medical field in which the practitioner has experience and/or training in diagnosing or treating injuries or conditions similar to those of the patient." *See* W. Va. Code § 55-7B-7(a)(5)-(6); *see also* W. Va. Code § 55-7B-6(b)(2) (expert preparing screening certificate of merit must meet requirements of §§ 55-7B-7(a)(5 & 6)). In addition, the expert must show they devote "60 percent of his or her professional time annually to the active clinical practice in his or her medical field or specialty, or to teaching in his or her medical field or specialty in an accredited university." W. Va. Code § 55-7B-6(b)(3).

Here, there is no indication that Ms. Bova meets any of these criteria. Ms. Bova is not licensed to practice medicine or dentistry, and she has no education, training, or experience in diagnosing or treating injuries or conditions caused by ultraviolet disinfecting lights. Also, nothing in the record establishes that Ms. Bova devotes sixty percent of her "professional time" to active clinical practice in her medical field or to teaching her specialty at an accredited university. Therefore, we find no error in the circuit court's conclusions that: (1) Ms. Bova is not qualified to execute Mr. Summers' screening certificate of merit; and (2) as a result, Mr. Summers' screening certificate of merit does not comply with the requirements of West Virginia Code § 55-7B-6(b).

---

[2] The circuit court did not specify whether it decided Mr. Edward's motion as a motion to dismiss or as a motion for summary judgment. However, because the dispositive issue in this appeal is the legal issue of subject matter jurisdiction, this distinction does not impact our analysis.

It is well settled that the pre-suit notice requirements of the MPLA "are jurisdictional, and failure to provide such notice deprives a circuit court of subject matter jurisdiction." Syl. Pt. 2, in part, *State ex rel. PrimeCare Med. of W. Va. v. Faircloth*, 242 W. Va. 335, 835 S.E.2d 579 (2019). Moreover, the Supreme Court of Appeals of West Virginia ("SCAWV") has held that a court "has no authority to suspend the West Virginia Medical Professional Liability Act's pre-suit notice requirements ... To do so would amount to a judicial repeal of" the MPLA. Syl. Pt. 5, *PrimeCare*, 242 W. Va. at 337, 835 S.E.2d at 581. Accordingly, we find no error in the circuit court's conclusion that dismissal of the underlying case for lack of jurisdiction was appropriate.

However, after determining that it lacked subject matter jurisdiction, the circuit court should have taken "no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, in part, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.,* 158 W. Va. 492, 211 S.E.2d 705 (1975). Instead, the circuit court made additional rulings, including a determination that Dr. Moore was immune from suit under the COVID-19 Jobs Protection Act. Once the circuit court determined that it did not have jurisdiction over this matter, its consideration of Dr. Moore's immunity under the COVID-19 Jobs Protection Act was improper.[3]

Although we find that dismissal for lack of subject matter jurisdiction was appropriate, we must also examine whether a dismissal with prejudice was warranted in these circumstances. Rule 41 of the West Virginia Rules of Civil Procedure governs involuntary dismissals and provides that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

W. Va. R. Civ. P. 41(b) (1998) (emphasis added).[4]

---

[3] Mr. Summers asserts in his second assignment of error that Dr. Moore was not immune from liability under the COVID-19 Jobs Protection Act. Based on our determination that the circuit court lacked subject matter jurisdiction and should not have considered the issue of immunity, we decline to address the assignment of error on appeal.

[4] The circuit court's proceedings were governed by the version of Rule 41 adopted by the SCAWV in 1998. While the SCAWV adopted amendments to the rules, effective January 1, 2025, no changes were made that affect this appeal.

Consequently, a dismissal for lack of jurisdiction is not an "adjudication on the merits" and is ordinarily a dismissal without prejudice. *See Tanner v. Raybuck*, 246 W. Va. 361, 368, 873 S.E.2d 892, 899 (2022). Although the SCAWV has declined to hold that dismissal with prejudice is never proper when a plaintiff fails to comply with the MPLA's pre-suit notice requirements, our jurisprudence favors dismissal without prejudice in such cases. *Id.* at 369, 873 S.E.2d at 900 (citing *Pendleton v. Wexford Health Sources, Inc.*, No. 15-0014, 2015 WL 8232155 (W. Va. Dec. 7, 2015) (memorandum decision)); *Davis v. Mound View Health Care, Inc.*, 220 W. Va. 28, 32, 640 S.E.2d 91, 95 (2006).

It is evident from our review of the order on appeal that the circuit court's decision to dismiss with prejudice was influenced by its improper consideration of Dr. Moore's immunity under the COVID-19 Jobs Protection Act. Under these circumstances and given the SCAWV's preference for dismissing without prejudice in cases involving MPLA pre-suit notice requirements, we find that the circuit court's dismissal should have been without prejudice.

Lastly, Mr. Summers argues that the circuit court improperly denied his motion in opposition to Rule 41(b) dismissal as moot. Based on our determinations that the circuit court lacked subject matter jurisdiction, and that the case should be dismissed without prejudice, we find no error in the circuit court determining that the motion is moot.

For the foregoing reasons, we affirm the circuit court's August 26, 2024, order to the extent that it dismisses Mr. Summers' civil action and to the extent that it denies Mr. Summers' motion in opposition to Rule 41(b) dismissal. We vacate the circuit court's order to the extent that dismissal of the case is with prejudice and to the extent that Dr. Moore's immunity under the COVID-19 Jobs Protection Act was addressed. The case is remanded to the circuit court with instructions to enter an order consistent with this decision and that the case be dismissed without prejudice.

Affirmed, in part, Vacated, in part, and Remanded.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White