# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Fall 2025 Term

_____

No. 24-ICA-447

No. 24-ICA-458

_____

**FILED**

**November 6, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

MOUNTAIN VALLEY PIPELINE, LLC,
Plaintiff Below, Petitioner,

v.

MARTHA ANN ZINN, and
MARY BETH NAIM, JUDY KAY SMUCKER, and
JESSICA GRIM,
Defendants Below, Respondents.

_____

Appeal from the Circuit Court of Summers County

Honorable Robert Irons, Circuit Judge

Civil Action No. CC-45-2023-C-25

Civil Action No. CC-45-2023-C-26

AFFIRMED IN PART and REVERSED IN PART.

_____

Submitted: September 16, 2025

Filed: November 6, 2025

Timothy M. Miller, Esq.
Jennifer J. Hicks, Esq.
Austin D. Rogers, Esq.
Charleston, West Virginia
Counsel for Petitioner

William V. DePaulo, Esq.
Lewisburg, West Virginia

Jonathan Sidney, Esq.
Forest Hill, West Virginia
Counsel for Respondents

JUDGE GREEAR delivered the Opinion of the Court.

GREEAR, Judge:

Mountain Valley Pipeline, LLC ("Mountain Valley") appeals the October 10, 2024, and October 29, 2024, orders from the Circuit Court of Summers County granting the Motions to Dismiss of Martha Ann Zinn and Mary Beth Naim, Judy Kay Smucker and Jessica Grim (collectively "respondents"), respectively.[1] Specifically, Mountain Valley argues that: 1) the circuit court erred in failing to accept as true the material allegations of the complaint as required when ruling on a Rule 12(b)(6) motion to dismiss; 2) the circuit court erred as a matter of law by holding that the owners of a perpetual right-of-way and easement for a natural gas pipeline and a license agreement for use of a private road acquired no legally protectable interest, and that the respondents and those who illegally and without permission entered the property and shut down a construction project are immune from any civil liability; 3) the circuit court erred as a matter of law by dismissing the tortious interference, civil conspiracy, and the civil remedy causes of action authorized by the West Virginia Critical Infrastructure Protection Act; and 4) the circuit court erred as a matter of law in granting the respondents' motions to dismiss.

Based on our review of this matter, we find no error in the circuit court's decision to dismiss Mountain Valley's claims for civil conspiracy, violations of West

---

[1] On December 20, 2024, Mountain Valley Pipeline, LLC v. Martha Ann Zinn, 24-ICA-447, and Mountain Valley Pipeline, LLC v. Mary Beth Naim, Judy Kay Smucker, and Jessica Grim, 24-ICA-458, were consolidated for briefing, consideration and decision.

1

Virginia Code § 61-10-34 (2020) (the "West Virginia Critical Infrastructure Protection Act"), and the stand-alone claim for punitive damages. As to the claims for tortious interference, associated injunctive relief, and the claim of trespass, we find the circuit court erred in granting the respondents' motions to dismiss. Accordingly, we affirm, in part, and reverse, in part, the circuit court orders of October 10, 2024, and October 29, 2024.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Mountain Valley is a natural gas company authorized to construct a natural gas transmission pipeline from Wetzel County, West Virginia, to Pittsylvania County, Virginia (the "Project"). To accomplish the Project, Mountain Valley acquired licenses and temporary and permanent easements[2] on real property underlying the pipeline, in proximity to the pipeline, and for purposes of ingress and egress to the pipeline. A portion of this project required the pipeline to be constructed in Summers County, West Virginia (the "Project Property").

Respondents collectively opposed the Project. On September 7, 2023, without permission, respondents entered upon the Project Property to stage a protest. Respondents Naim, Smucker and Grim placed themselves in rocking chairs along the right-

---

[2] On November 30, 2017, Mountain Valley entered into a Pipeline Right-of-Way and Easement Agreement with The Wiseman Living Trust for the portion of the Project in Summers County. On April 11, 2017, Mountain Valley entered into a Land License Agreement with CSX Transportation for access to the portion of the Project in Summers County.

of-way to block the access road. Respondent Zinn attached herself to the drilling equipment owned by Mountain Valley. When confronted, the respondents refused to leave the Project Property. Eventually, the West Virginia State Police were dispatched to the Project Property to remove the respondents. Respondents were arrested and charged with crimes associated with their protest.

On September 15, 2023, Mountain Valley filed complaints against the respondents in the Circuit Court of Summers County, Respondent Zinn individually and the remaining respondents collectively. Particularly, Mountain Valley alleged the respondents were liable for trespass, tortious interference, violations of the West Virginia Critical Infrastructure Protection Act, civil conspiracy, and requested punitive damages and injunctive relief. On May 14, 2024, Respondent Zinn filed her motion to dismiss for failure to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. On September 27, 2024, the circuit court held a hearing on her motion. A dismissal order was entered in Respondent Zinn's civil action on October 10, 2024. On October 28, 2024, Respondents Naim, Smucker and Grim filed their motion to dismiss containing the same argument of Respondent Zinn's successful motion. On October 29, 2024, without providing Mountain Valley a hearing or an opportunity to respond in the matter, the circuit court entered a dismissal order in favor of Respondents Naim, Smucker and Grim. This appeal followed.

## II.  STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). At the motion to dismiss stage, complaints are to be read liberally as required by the notice pleading standard underlying the West Virginia Rules of Civil Procedure, and the circuit court, viewing all the facts in a light most favorable to the nonmoving party, may grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 776, 461 S.E.2d at 522 (citing Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977)). Although entitlement to relief must be shown, a plaintiff is not required to set out facts upon which the claim is based; however, a claim cannot be permitted to continue if such claim is not authorized under West Virginia law. *Id.* With these standards in mind, we consider the issues raised on appeal.

## III.  DISCUSSION

Mountain Valley raises four assignments of error challenging the dismissal of the complaints in their entirety. First, Mountain Valley argues that the circuit court erred in failing to accept as true the material allegations of the complaint as required when ruling on a Rule 12(b)(6) motion to dismiss. Second, Mountain Valley asserts the circuit court erred as a matter of law by holding that the owners of a perpetual right-of-way and easement for a natural gas pipeline and a license agreement for use of a private road acquired no legally protectable interest and that the respondents and those who illegally

4

and without permission entered the property and shut down a construction project are immune from any civil liability. Third, Mountain Valley contends the circuit court erred as a matter of law by dismissing the tortious interference, civil conspiracy, and the civil remedy causes of action authorized by the West Virginia Critical Infrastructure Protection Act. Lastly, Mountain Valley generally avers the circuit court erred as a matter of law in granting the respondents' motions to dismiss. As we find these assignments to be an interrelated challenge to the dismissal of all counts contained in the complaints, we will consolidate and address them accordingly. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (consolidating assignments of error).

### A. Tortious Interference

Mountain Valley asserts the circuit court erred in dismissing its claim for tortious interference with a business relation. Specifically, Mountain Valley argues that the circuit court incorrectly determined that a single day protest which resulted in operational delay cannot be used to sustain a tortious interference theory of liability under West Virginia law. We agree.

To establish tortious interference with a contract or business relationship, a plaintiff must show (1) the existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages.

5

Syl. Pt. 5, *Hatfield v. Health Mgmt. Assocs. of W. Va.*, 223 W. Va. 259, 672 S.E.2d 395 (2008) (quoting Syl. Pt. 2, *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (1983)). Upon review of the record, the complaint clearly alleged that the purpose for Mountain Valley's easement and license was for the completion of the Project and that the respondents intentionally interfered with that purpose. As a result of the interference, Mountain Valley alleged that actual harm was sustained and that it sustained quantifiable out-of-pocket damages.

Respondents assert that the circuit court was correct in concluding that a brief delay is insufficient to support liability for tortious interference as West Virginia has not adopted the theory of hindrance as a basis for liability. Respondents rely on *Webb v. Paine*, 515 F. Supp. 3d 466 (S.D. W. Va. 2021) to support the circuit court's dismissal. We find the circuit court's reliance on *Webb* to be misplaced.

In *Webb*, a former lobbyist, Jason Webb, brought action against the state superintendent of schools and assistant state superintendent of schools asserting tortious interference with business relations and civil conspiracy under West Virginia Law, arising from the superintendents' complaints about the lobbyist's posts and the subsequent termination of the lobbyist's contract with the national testing corporation. In *Webb*, the District Court focused on the issue of proximate cause and held that there was insufficient evidence to show a causal connection between the communications to the testing corporation from superintendents resulted in the corporation ending its business

6

relationship with Mr. Webb. The District Court considered Mr. Webb's secondary argument involving the recovery for damages under the theory of hindrance pursuant to the Restatement (Second) of Torts. The District Court reasoned that acting under its diversity jurisdiction and faced with opposing plausible interpretations of state law, the federal court should generally choose the narrower interpretation which restricts liability. *Id.* at 487.

We note, as did the District Court, that the theory of hindrance pursuant to the Restatement (Second) of Torts has not been expressly adopted by this state. However, nothing in our jurisprudence suggests that interference by hindrance may not be used to show the harm sustained and related damages. In this matter, the alleged damages are neither speculative nor theoretical damages. Mountain Valley has alleged quantifiable harm in the delay of construction that was sustained as a result of the interference. The questions of whether such damages are attributable to the delay and whether the amount of claimed damages is accurate remain questions for the trier of fact. When one tortiously interferes with another's privilege or right, such conduct is actionable if there is an intent to do economic harm and such harm was actually sustained. Mountain Valley has pled such an interference and should be permitted to go forward on its claim. Accordingly, we reverse the circuit court's orders on the claims of tortious interference.

## B. Trespass

Mountain Valley argues that the circuit court erred in dismissing its claims for trespass. Specifically, Mountain Valley states that the pleadings sufficiently provide

7

notice of its easement and license to be on the Project Property for the completion of the Project and that the respondents obstructed and interfered with its use of such easement and license. Mountain Valley alleges that this interest in the land, while non-possessory in nature, remains one that the court can protect from the obstruction by a third party. Mountain Valley maintains that by granting the dismissal to the claim for trespass, the circuit court committed reversible error. We agree.

Trespass is defined in its limited sense as: "an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property." *Hark v. Mountain Fork Lumber Co*., 127 W. Va. 586, 591–92, 34 S.E.2d 348, 352 (1945) (quoting 3 Blackstone's Commentaries, 209). Respondents and the circuit court have taken the position that a possessory interest in the land is necessary for an action of trespass. To support this position, they rely on *Smoot ex rel. Smoot v. American Elec. Power*, 222 W. Va. 735, 671 S.E.2d 740 (2008). We find such reliance misplaced. In *Smoot*, a bicyclist brought a personal injury action against the electric utility and communications companies following an accident in which the bicyclist crashed into exposed wires that were used to anchor the utility pole. In defense of such action, the utility companies alleged the bicyclist was a trespasser and therefore they owed him no duty. In *Smoot*, the Supreme Court of Appeals of West Virginia ("SCAWV") held that utility companies could not rely upon the defense of trespass on real property in which they only had a right-of-way. Importantly in *Smoot*, the utility companies only alleged trespass to the real property itself and did not allege any damage or interference with the easement which was the interest

8

actually held by the utility companies. Nothing in *Smoot* suggests that the holder of a valid license cannot defend themself from an obstruction by a third-party trespasser relating to the use of such license.

As a general rule, the plaintiff, in order to maintain an action of trespass, must be either in actual or constructive possession of the property trespassed upon at the time the trespass is committed. *See Elk Garden Big Vein Coal Min. Co. v. Gerstell*, 95 W. Va. 471, 121 S.E. 569, 570 (1924). It is uncontested that Mountain Valley had possession of the property at issue through the easement for the Project and license for the access to the Project Property. An easement may be defined as "the right one person has to use the lands of another for a specific purpose[.]" *Newman v. Michel*, 224 W. Va. 735, 740, 688 S.E.2d 610, 615 (2009). This right is distinct from the ownership of the real property and is nonpossessory in nature. *Id.* A third party's obstruction to the exercise of such rights associated with the easement and license is actionable under the theory of trespass.

In West Virginia we have long recognized that, "[a] licensee is entitled, as against a third party, to protection of his property lawfully on the premises, by action or suit, as the circumstances may require." *Moundsville Water Co. v. Moundsville Sand Co.*, 124 W. Va. 118, 19 S.E.2d 217, 219 (1942). In *Moundsville*, a municipal water company acquired an easement for ingress and egress to and from a water pipeline which it maintained at the edge of a river in 1914. On that same property in 1928, a sand company leased the property to operate its sand and gravel business. The sand company accumulated

numerous piles of gravel on the property. When a water pipeline break occurred, the municipal water company traced the break to one of the piles of gravel. The municipal water company, possessing only a right-of-way on this property, requested the lease holding sand company to move the pile of gravel which obstructed its access to the line. The sand company refused and a complaint for trespass and injunction followed. The SCAWV determined that the municipal water company, as a licensee and holder of a right-of-way, had "sufficient right to the maintenance and operation of the river wells and the water line connecting therewith to be entitled to the interposition of a court of equity for the purpose of protection against the trespasses[.]" *Id.* at 118, 19 S.E.2d at 220. The same is true here, as Mountain Valley holds similar rights under their license and easement.

In the complaint, Mountain Valley pled facts to establish this right to use such property for the intended purpose. Accepting the facts in the complaint as true, Mountain Valley provided sufficient basis to conclude the respondents blocked and obstructed its usage of the rights associated with the easement and license. As for damages, they must be assessed in the manner "most appropriate to compensate the injured party for the loss sustained in the particular case[.]" *Brooks v. City of Huntington*, 234 W. Va. 607, 615, 768 S.E.2d 97, 105 (2014).

The circuit court determined that Mountain Valley, due to the lack of possessory interest in the land and failure to allege damage to real property, could not establish an element for damages in a trespass claim. We disagree. Mountain Valley pled

10

facts supporting a loss of use and costs proximately caused by the trespass. Damages for trespass are not solely limited to the repair value associated with the damage to real property. West Virginia law permits recovery for damages to the loss of use associated with the deprivation of rights conveyed by the easement or license. *See Bethlehem Steel Corp. v. Shonk Land Co.*, 169 W. Va. 310, 328, 288 S.E.2d 139, 149 (1982); *see also Jarrett v. E. L. Harper & Son, Inc.,* 160 W. Va. 399, 401-02, 235 S.E.2d 362, 364 (1977) ("When the injury is temporary, the proper measure of damages is the cost of remedy, removal or abatement; compensation for loss of use or rent; and reimbursement for actual expenses caused by the injury."). Even a non-possessory interest in the land is capable of protection from third-party intrusion through the courts of equity. Equity will protect the rights associated with an easement against irreparable injury or continuous obstruction through an injunction and by an award of damages.[3] Accordingly, we reverse the circuit court's decision dismissing Mountain Valley's count three for trespass in the complaint against Respondent Zinn.[4]

---

[3] Damages recoverable by tortious interference and trespass, in the event that they are similarly derived, are subject to the prohibition against double recovery.

[4] We note the complaint against Respondents Naim, Smucker and Grim does not contain a count for trespass against those named parties. Nothing in this opinion should be construed to create a cause of action upon remand that was not present before this Court on appeal.

## C. West Virginia Critical Infrastructure Protection Act

Mountain Valley contends that the circuit court erred in dismissing its claim for a violation under the West Virginia Critical Infrastructure Protection Act. Specifically, Mountain Valley maintains that it has pled sufficient facts to sustain an action for liability under this Act and the circuit court incorrectly determined that it failed to reference property damage in its complaints. We disagree.

The question before this Court is whether the complaint minimally placed the respondents on notice of the claim against them. While the complaint is "construed in the light most favorable to plaintiff, and its allegations are to be taken as true," *Lodge Distrib. Co., Inc. v. Texaco, Inc*., 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978), this does not allow for a plaintiff to proceed under generalized bare-bones assertions. "[I]f a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6)." *Newton v. Morgantown Mach. & Hydraulics of W. Virginia, Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019) (quoting Louis J. Palmer, Jr. and Robin Jean Davis, Litigation Handbook on West Virginia Rules of Civil Procedure, 406-07 (5th ed. 2017) (quotations and citation omitted)).

In the case before us, Mountain Valley is pursuing civil liability resulting from a violation of the West Virginia Critical Infrastructure Protection Act. West Virginia Code § 61-10-34(d)(1) provides: "Any person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property

12

while trespassing, in addition to the penalties imposed by this section." The plain language of this section provides that an essential element to any claim arising out of this Act requires an allegation of damage to personal or real property. *See* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). Upon a review of the record, the complaints support the circuit court's conclusion that Mountain Valley was required to plead physical damage to its property and failed to do so.[5] Accordingly, we affirm the circuit court's dismissal of the claims for violations of West Virginia Code § 61-10-34(d).

### D.   Civil Conspiracy

Mountain Valley argues that the circuit court erred in dismissing its claim for civil conspiracy against the respondents. Further, the dismissal order granting Respondent Zinn's motion to dismiss failed to address the civil conspiracy claim entirely; therefore, the circuit court's order in that matter was insufficient. We agree that the substantive torts should not have been dismissed. However, we disagree that the circuit court erred in dismissing Mountain Valley's claims of civil conspiracy on other grounds.

---

[5] We note Mountain Valley argues that damage to its personal property was properly alleged in the complaints; however, we find the complaints solely refer to damage sustained to the "subject property." In the complaints, "subject property" was defined in a manner that did not encompass personal property.

While West Virginia does recognize a cause of action for civil conspiracy, it is not a *per se*, stand-alone cause of action. *See Dunn v. Rockwell*, 225 W. Va. 43, 57, 689 S.E.2d 255, 269 (2009). Civil conspiracy is a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrators. *See Kessel v. Leavitt*, 204 W. Va. 95, 129, 511 S.E.2d 720, 754 (1998). Here, the complaint clearly alleges the respondents committed the torts themselves, and not the act of conspiring to commit a tort by another. Civil conspiracy actions are meant to add individuals who conspired with those who committed the torts but are not meant to duplicate the cause of action in the underlying substantive tort. Accordingly, we affirm the circuit court's dismissal of the civil conspiracy claims, on other grounds apparent from the record.

### E. Injunctive Relief and Punitive Damages

Mountain Valley argues that the circuit court erred in dismissing its claims for injunctive relief and punitive damages. Mountain Valley asserts that the complaint contained sufficient facts that when taken as true show an entitlement to the relief sought. We disagree as to the stand-alone claims for punitive damages; however, such damages remain available as viable relief associated with the underlying legal claims in this matter.

Under West Virginia law, a separate cause of action for punitive damages does not exist, but such damages may be awarded as damages for independent torts under appropriate circumstances. *See Cook v. Heck's Inc.*, 176 W. Va. 368, 376 n.3, 342 S.E.2d

14

453, 461 n.3 (1986). "In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive or vindictive damages[.]" *Id.* at 369, 342 S.E.2d at 454, Syl. Pt. 9 (quoting Syl. Pt. 4, in part, *Mayer v. Frobe,* 40 W. Va. 246, 22 S.E. 58 (1895)).

As for the claims for injunctive relief, West Virginia recognizes injunctive relief as a stand-alone action without requiring underlying substantive legal claims for damages. *See Camden-Clark Memorial Hosp. Corp. v. Turner*, 212 W. Va. 752, 575 S.E.2d 362 (2002). However, in a civil action that contains both a request for injunctive relief and a legal claim that would ordinarily be tried before a jury, a court must allow a jury to hear the legal claim before ruling on the question of permanent injunctive relief. *See id.* at Syl. Pt. 6. Here, Mountain Valley's complaint contains the requested equitable relief in the form of injunction as a result of the underlying legal claims of trespass and tortious interference. The remedies available in these actions include monetary damages, which may include punitive damages, and injunctive relief. These remedies at law remain available with the associated legal claims.[6]

---

[6] Nothing in this opinion should be interpreted to express a substantive opinion on the merits of this action. This opinion is solely applicable to the motion to dismiss and its accompanying review under the notice pleading standard.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the circuit court's dismissal of the claims for civil conspiracy, violations of the West Virginia Critical Infrastructure Protection Act, and the stand-alone claim for punitive damages, and reverse the circuit court's dismissal of the claims for trespass, tortious interference, and injunctive relief, as contained in the October 10, 2024, and October 29, 2024, orders.

Affirmed, in part, and Reversed, in part.